**Bernard J. ROGOZINSKI, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–11.**

United States Court of Veterans Appeals.

Submitted May 9, 1990.

Decided May 29, 1990.

Robert P. Wenten, Winsted, Conn., for appellant.

Stephen A. Bergquist, with Raoul L. Carroll, Gen. Counsel, and Andrew J. Mullen, Acting Asst. Gen. Counsel, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

FARLEY, Associate Judge:

The parties to this appeal have been unable to resolve their differences with respect to the contents of the record on appeal before the Court. As a result, the Secretary of Veterans Affairs (Secretary) moved for an order requiring the appellant to show cause why certain medical records counter designated by appellant should not be excluded from the record on appeal. Treating appellee's motion as a request to resolve the matter pursuant to Interim General Rule 10, the appellant's counter designation is rejected.

The Interim General Rules of the Court contain the timetable and the mechanism for the construction of the record on appeal by the parties. Within 14 days after filing a timely Notice of Appeal with the Clerk, an appellant must file a statement of the issue or issues to be raised on appeal. COVA R. 5A (Interim). Interim General Rule 10 then requires that within 30 days of the appellant's filing of a statement of the issue or issues, the Secretary shall designate or list all of the material in the appellant's case file before the Board of Veterans' Appeals (BVA) deemed relevant to the issues on appeal. The appellant then has 21 days within which either to counter designate any additional material deemed relevant to the appeal or to express satisfaction with the Secretary's designation. Where the parties are unable to agree as to the content of the record on appeal, "the Court, on motion of a party or on its own motion, shall resolve the matter." COVA R. 10 (Interim).

In the case at hand, the Secretary filed a designation of the record on appeal with

the Clerk on January 26, 1990. On February 20, 1990, appellant filed a "Designation of Record" (under Interim General Rule 10 this was the appellant's counter designation of the record on appeal.) In the counter designation, the appellant listed the "[m]edical records of Duane R. Anderson, M.D. 11/7/69 through 6/4/88" [hereinafter the Dr. Anderson records] as being relevant to his appeal; copies of the Dr. Anderson records were attached to the counter designation. On March 16, 1990, the Secretary filed a motion with the Clerk requesting an order requiring the appellant to show cause why the Dr. Anderson records submitted with the appellant's counter designation should not be excluded from the record on appeal.

On April 19, 1990, the Court issued an order to both parties directing them to answer specific questions with respect to the appellant's counter designation and the proceedings before the BVA. In response, both parties agreed that the Dr. Anderson records had not been proffered to the BVA at the time it rendered its decision which led to this appeal. The appellant admits that the Dr. Anderson records were not before the BVA because they were lost at that time. *See* Appellant's Response to April 19, 1990, Order. Recently discovered, the Dr. Anderson records are now being offered by the appellant to the Court, although the appellant concedes that they "provide no new and vastly different information" and that "they are cummulative [sic] and supportive of the information provided to the Board." *Id.* The appellant argues, however, that during the BVA hearing he made reference to the existence of the medical records of Duane R. Anderson, M.D., and that, since he "foreshadowed" the existence of the medical records in question, they should be included in the record on appeal. After noting that the Dr. Anderson records were not part of the record before the BVA, the Secretary takes the view that the appellant has a choice; either continue to pursue this appeal without the Dr. Anderson records or seek to reopen his claim at the originating office and seek reconsideration on the basis of the Dr. Anderson records.

The Veterans' Judicial Review Act, 38 U.S.C.A. §§ 4051–4092 (West Supp.1990), provides that this Court "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." § 4052(a). However, such "[r]eview in the Court shall be on the record of proceedings before the Administrator and the Board." § 4052(b). This Court is thus precluded by statute from considering any material which was not contained in the "record of proceedings before the Administrator and the Board." Since the medical records of Duane R. Anderson, M.D., were not contained in the record before the BVA, we must reject the appellant's counter designation; the medical records of Duane R. Anderson, M.D., will not be included in the record on appeal.

*It is so Ordered.*