**Samuel O. MILLER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–786.

United States Court of Veterans Appeals.

Dec. 19, 1991.

Before KRAMER, FARLEY and MANKIN, Associate Judges.

### ORDER

PER CURIAM.

The docket sheet for this case already contains six pages of entries and, fifteen orders of this Court notwithstanding, we are still in the process of designating the record on appeal. The interests of this veteran, the Department of Veterans Affairs and this Court would be better served if we were able to move beyond the question of the contents of the record on appeal and get to the merits of this case. For this reason, and pursuant to U.S.Vet.App.R. 10, the Court will undertake to "resolve the matter" of the record on appeal.

The veteran is appealing from a BVA decision of April 18, 1990, which denied him service connection for a post traumatic stress disorder and a permanent and total disability rating for pension purposes. The docket sheet demonstrates that the veteran is a prolific writer; he has an equally extensive record of communicating to the Department of Veterans Affairs and its predecessor, the Veterans Administration (VA). When reduced to its essence, the present dispute between the parties over the contents of the record on appeal concerns that portion of appellant's voluminous submissions to the VA which did *not* find its way

into his claims or "C" file. The Secretary recently described this material as follows:

These documents are separated into approximately fifteen manila envelopes and two accordian [sic] files, and consist primarily of handwritten or typed statements by the appellant interspersed with other documents, including correspondence, medical records, and documents from other court actions. These files bear such labels as " 'Drug Pushing' by Monstrous Animals; in the United States Government!!!!!!!!!!!", " 'Supply Side' Economic 'Program' Against Old and Disabled People," and "Political Prisoners of the United States Government!!!!!!!!!!!" under the general heading "Attachment to Claim, War Crime Experiments and War Crimes of the United States Government".

Appellee's Response to Court Order at 2 (filed November 19, 1991).

The history of this dispute and the views of the parties need be only briefly summarized. In response to the Secretary's proposed designation of record, which consisted of the "C" file which was actually before the Board, the appellant counter-designated much, if not all, of his submissions to the VA. While there is a disagreement, never fully resolved, over whether some or all of the material had actually been received by the VA, it is clear that much of appellant's submissions, for whatever reason, were not in the "C" file.

The Secretary, through his counsel who are officers of this Court, has stated unequivocally that "the Court now has before it each and every document which was in 'the record of proceedings'" before the Secretary and the Board. *Id.* at 3. It is assumed that the pro se appellant will not be satisfied with a record designated on that basis but, under the circumstances, that will have to suffice for this Court is only empowered to conduct judicial review "on the *record of proceedings* before the Secretary and the Board." 38 U.S.C. § 7252(b). As we said in *Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990), "This Court is thus precluded by statute from considering any material which was not

contained in the 'record of proceedings before the [Secretary] and the Board.' " *Id.* at 20. We find no support for the dissent's implication that the Secretary has "exclud[ed] from the administrative record items that rightfully ought to be there."

Pursuant to Rule 10, the record on appeal will be designated as, in the words of the Secretary, "each and every document which was in 'the record of proceedings'" before the Secretary and the Board. The Secretary is directed to transmit the record on appeal to the Court and to serve a copy of the record upon the appellant within 21 days from the date of this order.

Appellant must then choose between two alternatives: He may either (1) continue to pursue this appeal on the basis of the record on appeal, or (2) withdraw his appeal and seek either to have his claim reconsidered by the Board upon any additional material he might care to submit or to have his claim reopened at the Regional Office upon any new and material evidence he might care to submit. Appellant is directed to advise the Secretary and the Court of his choice within 40 days from the date of this order by a notice not to exceed one page in length.

If appellant chooses to continue with this appeal, his brief will be due 70 days from the date of this order. No extensions will be granted, no further motions entertained, except upon a showing of good cause. It is time to move on.

On consideration of the foregoing, it is therefore

ORDERED that the record on appeal is designated as "each and every document which was in 'the record of proceeding'" before the Secretary and the Board of Veterans Appeals. It is further

ORDERED that the appellant is directed, within 40 days of this order, to advise the Secretary and the Court by letter, not to exceed one page in length, of his intent to proceed or not with this appeal. It is further

ORDERED that should appellant choose to proceed with this appeal, appellant's

brief will be due within 70 days of the date of this order.

KRAMER, Associate Judge, dissenting:

The majority's order fails to adequately consider what ought to be done with documents that should have been, but have not been, included in the "record of proceedings before the Secretary and the Board" (hereinafter, administrative record). 38 U.S.C. § 7252 (formerly § 4052). In such case, it is entirely inappropriate for this Court to put the appellant in the untenable "Catch 22" of either proceeding with an appeal based on a possibly incomplete administrative record, the composition of which has been solely in the control of the Secretary, or starting the claims process over again from the beginning, subject to the detrimental consequences of extended delay and appellant anxiety, to say nothing of the loss of an earlier potential benefit entitlement date.

An approach which does not consider what documents should have been but have not been included in the administrative record can only reward the Secretary for excluding from such record items that rightfully ought to be there. Fundamental fairness can only be frustrated by the majority's ruling which signals the Secretary that, in anticipation of later adversarial proceedings before the Court, he may confidently engage, without fear of penalty, in a pattern of unreasonable exclusion of documents from the administrative record. Carried to its unfortunate conclusion, the majority's position would allow the Secretary the unfettered ability to exclude from the administrative record highly relevant evidence of experts presented by an appellant.

In this case, included among those documents now sanctioned by the Court for exclusion, with penalty only to the appellant, are dozens of documents of possible relevance prepared by physicians or otherwise containing medical information. It is true that the Court's organic statute requires that review in the Court shall be on the administrative record. Nevertheless, the proper remedy in this case must permit the appellant to elect to either continue the appeal based on the expurgated administrative record or have the case remanded directly to the Board of Veterans' Appeals, without necessity of reopening, with direction to provide a new determination, within a time certain, which will give appropriate consideration to the excluded documents.