**Willie Beecher LOOPER, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–602.**

United States Court of Veterans Appeals.

Dec. 23, 1991.

Before FARLEY, Associate Judge.

### ORDER

On October 22, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion under Rule 10 of this Court's Rules of Practice and Procedure to resolve a conflict between the parties regarding the content of the record on appeal. The Secretary advised that a medical report designated as item 5 in appellant's counter designation, filed September 23, 1991, cannot be found in appellant's claims file and is presumed not to have been part of the record reviewed by the Board of Veterans' Appeals (Board) at the time it rendered the decision which is the subject of the instant appeal. The Secretary requested the Court to direct appellant to show cause why the medical report, which the Secretary maintains was not part of the record of proceedings before the Board, should be included in the record on appeal.

This Court is only empowered to conduct judicial review "on the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b). "This Court is thus precluded by statute from considering any material which was not contained in the 'record of proceedings before the [Secretary] and the Board.'" *Rogozinski v. Derwinski*, 1 Vet.App. 19, 20 (1990). Therefore, the record on appeal shall consist of the material designated by the Secretary on August 21, 1991, which, with the exception of item 5 (Report of Medical Examination by Dr. Gordon Lewis, dated August 12, 1986, and ordered by the U.S. Department of Labor), includes all the material counter designated by appellant; item 5 was not before the Board and will not be included in the record on appeal.

Appellant has a choice: he may either (1) continue to pursue this appeal on the basis of the record on appeal, or (2) withdraw his appeal and seek to have his claim reconsidered by the Board upon any additional material he might care to submit or to have his claim reopened at the Regional Office upon any new and material evidence he might care to submit.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for an order to show cause and to stay proceedings is denied. It is further

ORDERED that item 5 listed in appellant's counter designation of the record is excluded from the record on appeal. The record on appeal shall consist of the record of proceedings before the Secretary and the Board as designated by the Secretary. It is further

ORDERED that, within 30 days after the date of this order, appellant notify the Clerk of the Court whether he intends to proceed with his appeal based on the record as designated by the Secretary or, in the alternative, file a motion to withdraw the appeal to request reconsideration by the Board or to reopen his claim at the Regional Office. It is further

ORDERED, sua sponte, that the proceedings are suspended for 30 days from the date of this order or until further order of the Court, whichever occurs first.