Enoch SAYRE, Jr., Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–925.

United States Court of Veterans Appeals.

March 3, 1992.

As Amended April 8, 1992.

Before STEINBERG, Associate Judge.

### ORDER

In July 1990, appellant was denied service connection for post-traumatic stress disorder (PTSD), an acquired psychiatric disorder, by the Department of Veterans Affairs (VA) Regional Office (RO). On February 7, 1991, the Board of Veterans' Appeals (BVA or Board) rendered a decision affirming the RO's denial of appellant's claim. On August 2, 1991, the Secretary of Veterans Affairs (Secretary) filed a designation of the record. On October 2, 1991, appellant filed a counter designation of the record, seeking to include in the record documents that had not been part of the record designated by the Secretary. On October 31, 1991, the Secretary moved to exclude the counter-designated documents from the record, noting that they had not been part of the record before the BVA when it rendered its decision. On November 13, 1991, appellant filed a response to the Secretary's motion.

On November 22, 1991, the Court issued an order directing appellant to show cause why evidentiary materials that had not been before the Board should be included in the record on appeal to the Court. On December 23, 1991, appellant filed a good cause motion to supplement the record on appeal, requesting (1) that certain military records previously counter-designated and (2) that medical records reflecting appellant's hospitalization from July 18 to 23, 1990, at the VA Medical Center (VAMC), Miami, Florida, be included in the record on appeal to this Court. Appellant asserted, inter alia, that VA could have and should have obtained these documents to fulfill its statutory duty to assist under 38 U.S.C. § 5107(a) (formerly § 3007).

█ With respect to the military records, VA's Adjudication Procedures Manual, M21-1, sets forth procedures that should be undertaken uniformly by VA in evaluating PTSD claims. The Manual requires that, in certain circumstances, VA obtain the claimant's military service records. VA and the BVA had that obligation here, as described in M21-1, §§ 50.45d, e(2)(b), below:

d. **Reasonably Supportive Evidence of Stressors in Service.** Any evidence available from the service department indicating that the veteran served in the area in which the stressful event is alleged to have occurred and any evidence supporting the description of the event are to be made part of the record. If the claimed stressor is related to combat, receipt of the Purple Heart, Combat Infantryman Badge, Bronze Star, and other similar citations are, in the absence of information to the contrary, considered

supportive evidence of participation in a stressful episode.

e. **Development for PTSD**.... If the claimed stressor is not combat relat-ed[,] a history of a stressor as related by the veteran is, in itself, insufficient. Ser-vice records must support the assertion that the veteran was subjected to a stres-sor....

. . . . .

(2) ... While inservice [sic] traumatic stressors do not have to be documented to an absolute certainty, the supportive evidence of record must be sufficient to permit a rating board to reasonably con-clude that the stressful event occurred as alleged. If necessary, develop for evi-dence [providing objective or supportive evidence of the alleged stressor] as fol-lows:

. . . . .

(b) ... request the service department to furnish copies of appropriate pages from the veteran's personnel file show-ing unit assignments, dates of assign-ments, participation in combat opera-tions, wounds received in action, awards and decorations, and official travel out-side of the continental United States.

Because corroborative evidence was neces-sary in this case to support appellant's assertions that in-service stressors caused his PTSD, VA should have adhered to its own guidelines and sought to obtain his military service records and made them part of his record. *See Akles v. Derwin-ski,* 1 Vet.App. 118, 121 (1991) (VA's failure to consider legal issue more grievous be-cause of VA policy in adjudication manual requiring such consideration). That the service records were available is evidenced by their accessibility to appellant's counsel who was able to retrieve copies of them from the National Personnel Records Cen-ter (Appellant's Resp. to Appellee's Mot. to Exclude at 2).

Consistent with and related to VA's guidelines requiring the acquisition of ser-vice records to substantiate a claimant's assertions regarding PTSD is its statutory duty under 38 U.S.C. § 5107(a) (formerly § 3007), which requires that VA assist a claimant in developing the facts pertinent to a well-grounded claim. *See* 38 C.F.R. § 3.103(a) (1991). It is reasonable for the Court to conclude, without having the record before it, that the BVA had deter-mined that appellant's claim was well-grounded, one capable of substantiation, since the Board had previously remanded the case for "additional development". *Enoch Sayre, Jr.,* BVA —— —— at 2 (Feb. 7, 1991); *see Douglas v. Derwinski,* 2 Vet.App. 103, 108 (1992) (quoting *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990)). The Court finds no basis to overturn that tacit finding. From this it follows that the Board, as a component of VA, had a duty to assist the veteran. *See Murphy,* 1 Vet. App. at 81–82; *Jolley v. Derwinski,* 1 Vet. App. 37, 39 (1990); *see also Douglas,* 2 Vet.App. at 107–08; 38 C.F.R. § 19.103(a) (1991) (Board bound by the laws and regu-lations of VA).

■ The Secretary's duty to assist "ap-plies to *all* relevant facts, not just those for or against the claim." *Murphy v. Derwin-ski,* 1 Vet.App. at 82. In this case, in view of the Manual requirement, that duty re-quires VA to seek, on its own initiative, military service records necessary to cor-roborate a PTSD claim. This follows from the Court's analysis in *Murphy.* There, the Court concluded that the submission by a claimant of biographical, family, medical, and service data on an application for com-pensation or pension was sufficient to en-able the Secretary to fulfill its duty to assist by obtaining "any relevant VA, mili-tary or other governmental records". *Id.* at 82. In support of this proposition, the Court quoted the following excerpt from the pertinent Senate Committee report:

Although the claimant has the burden of submitting evidence in support of the claim, that evidence may be in the veter-an's service record or other governmen-tal records and, therefore, in the control of the Federal Government. **In such situations, the VA should be respon-sible for providing the material—or see-ing that it is provided—needed to make the determination on eligibility.**

*Murphy,* 1 Vet.App. at 82 (citing S.Rep. No. 418, 100th Cong., 2d Sess., 33–34 (1988)) (emphasis added).

Accordingly, the Court concludes that the BVA failed to gather or obtain from the Federal Government military service records available to it for use in verifying that appellant served in the area of the alleged stressful events. VA may be deemed to have been aware of the necessity and availability of such records based on the information supplied by appellant on his claim form and the existence of VA's internal guidelines concerning PTSD claims. Thus, in failing to obtain the service records, the BVA did not fulfill its statutory duty to assist to the extent envisioned by Congress and required by VA's own guidelines. *Cf. Schafrath v. Derwinski,* 1 Vet.App. 589, 594–95 (1991) (duty to assist with regard to obtaining medical history exists whether or not claimant requests particular record since VA regulations require "the most complete evaluation of the claimant's condition that can feasibly be constructed", including history of disability).

■ With respect to the VAMC records, however, at this stage in the proceedings the Court cannot also conclude that the BVA failed to fulfill a duty to assist the veteran by failing to take the initiative to request the July 18–23, 1990, records of hospitalization from the Miami VAMC. Appellant submitted an affidavit by his wife asserting that "subsequent to" the July hospitalization at a VA facility, the couple wrote a letter to VA and the BVA apprising each of the hospitalization. (Appellant's Good Cause Mot. Ex. D at 2.) Appellant also submitted the letter itself, which discussed the hospitalization, but it is undated. (Appellant's Good Cause Mot. Ex. 1 at 2.) The Secretary's designation of the record (DOR) demonstrates VA receipt of a "letter from veteran and his wife, dated in July 1990". (Designation of Record, item 30.) The DOR shows receipt of no other letter from appellant in 1990. (*Id.*) However, the Court cannot discern whether the DOR refers to the above letter concerning the hospitalization or some oth-

er letter. For example, a second letter, dated July 11, 1990, was purported by appellant's wife to have been mailed to VA. (Appellant's Good Cause Mot. Ex. D at 1.) Since only one letter was designated as part of the record and was described only as a "letter from veteran and his wife" in the DOR, the Court cannot determine whether VA and the BVA received the letter discussing the hospitalization.

■ Records (other than service department records) the existence of which is not in some manner brought to VA's attention cannot be a part of the record on appeal to this Court. *See Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990) (private medical records which had not been proffered to BVA at the time it rendered its decision were precluded from review by Court because not part of the proceedings before the Administrator and the Board under 38 U.S.C. § 4052(b) (redesignated § 7252)). Here, there has been no showing that the acquisition of the July 1990 hospital records by VA was reasonably feasible given the absence of any indication to VA by appellant of their existence. Thus, the Board cannot be found to have erred by not acting to acquire those records.

In view of the foregoing and on consideration of the pleadings and motions of the parties, it is

ORDERED, sua sponte, that the February 7, 1991, BVA decision is vacated and the Court retains jurisdiction. The matter is remanded, pursuant to 38 U.S.C. § 7252(a) (formerly § 4052), for the Board to include in the record before it the military records in dispute. On remand, appellant is free to move that the record be augmented by the VAMC hospital records. It is further

ORDERED that the Board promptly readjudicate appellant's claim based on all evidence and material of record before it, pursuant to 38 U.S.C. § 7104(a) (formerly § 4004). It is further

ORDERED that, not later than 90 days after the date of this order, the Secretary file a status report with the Clerk of the Court on the progress of the readjudication. The Secretary shall file with the

Clerk and serve upon appellant a copy of any Board decision on remand. Within 14 days after such filing of any final BVA decision, appellant shall notify the Clerk whether he desires to seek further review by the Court.