Glendol R. ROLLINS, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–690.

United States Court of Veterans Appeals.

April 7, 1992.

---

Before FARLEY, IVERS and
STEINBERG, Associate Judges.

ORDER

PER CURIAM:

This matter is before the Court on the Secretary of Veterans Affairs' (Secretary) motion for an order to show cause on a Rule 10 issue, and to stay further proceedings.

On December 4, 1991, 2 Vet.App. 481, the Court issued an order which granted the Secretary's motion for summary affirmance as to appellant's heart and back claims but denied the Secretary's motions to strike that portion of appellant's brief relating to the issue of Post Traumatic Stress Disorder (PTSD), to stay further proceedings, and to dismiss the appeal relating to PTSD. Both parties were directed to review the designation and counter designation of the record and supplement the existing record. The review and supplementation of the record was to have been completed within 45 days of the order.

On January 21, 1992, the Secretary filed a motion for extension of time to February 20, 1992, to file a supplemental transmission of the record. The motion was granted. On February 20, 1992, instead of filing a supplemental record, the Secretary filed a motion for an order to show cause on a Rule 10 issue, and to stay further proceedings. In his motion, the Secretary stated that the medical progress notes submitted by appellant, dated January 1985, through October 1990, with the exception of progress notes, dated June 1988, through August 1988, should not be included in the record on appeal because they were not a part of appellant's claims file before the Board of Veterans' Appeals (BVA or Board).

Appellant filed a response to the Secretary's motion for an order to show cause on March 6, 1992. In his response, appellant admitted that the records which the Secretary seeks to exclude were not contained in the claims file but, nonetheless, should have been included in the claims file. Appellant requested that the records be included in the record on appeal. In the alternative, appellant requested that the Court order a remand of the matter to the BVA with instructions to remand the case to the Department of Veterans Affairs (VA) Regional Office for incorporation of these records and a supplemental hearing and decision so that the records could be incorporated.

In *Rogozinski v. Derwinski,* 1 Vet.App. 19, 20 (1990), this Court was presented with a disagreement on whether records of private medical care which had not been before the Board should be included in the record on appeal. Prior to reaching a deci-

sion on that issue, however, the parties were required to advise the Court whether the private medical records had been proffered to and rejected by the BVA. The responses of the parties indicated that the records had not been proffered to the Board because they had only recently been found. The Court then ruled that the private medical records could not be a part of the record on appeal because they had not been before the BVA. *Rogozinski*, 1 Vet. App. at 20.

If the records had been proffered and rejected during the adjudication process, an additional and quite different question would have been presented, i.e., whether the rejection, and the reasons or bases for the rejection, were proper. It appears from the submissions of the parties to this appeal that, as in *Rogozinski*, this threshold issue must first be resolved before any consideration can be given to the instant motion.

On consideration of the foregoing, it is

ORDERED that both the Secretary and appellant are each directed to file and serve within 30 days from the date of this order a preliminary record consisting of any record, document, correspondence, etc., which could be construed as a request by appellant that the counter-designated documents be considered in the adjudication of appellant's claim by the Department at any level or as a denial of any such request; it is further

ORDERED that, if no responsive documents are located, the Secretary and appellant are directed to serve and file a notice attesting to that fact within 30 days from the date of this order; and it is further

ORDERED that these proceedings are stayed pending further order of the Court.