George **KOULIZOS,** Appellant,

v.

Edward J. **DERWINSKI,** Secretary
of Veterans Affairs, Appellee.

No. 91–1339.

United States Court of Veterans Appeals.

April 8, 1992.

Before KRAMER, Associate Judge.

## ORDER

The Court has reviewed all filings submitted by both parties and the record on appeal as presently transmitted.

(1) The Board of Veterans' Appeals (BVA), in its decision dated June 13, 1991, (BVA decision) concluded that appellant did not have well-grounded claims for a number of the conditions for which appellant is seeking service connection: emotionally unstable personality, vision impairment, head injury, right shoulder injury, right leg injury, and back injury. The Court notes that there is no evidence of *present disability* for these conditions either contained in the record on appeal or referenced in the filings of appellant.

(2) Appellant has not adequately responded to this Court's order of February 3, 1992, regarding his counter designation "4. Complete medical records from Ann Arbor, x-rays 1986–1991 5. Complete medical records from Miami–V.A. 1991 current" contained in his filing of November 14, 1991.

(3) The Court notes items numbered 1, 2, and 3 on page 3 of appellant's filing of February 20, 1992, as follows:

(1) There are records after March 1990 associated with the claim file in the possession of the Veterans Hospital in Miami, Florida,

(2) That when these records were sent to the Court of Veterans Appeals and the Secretary of Veterans Affair's counsel by E.J. Kampka, Chief Medical Administration Service for the Miami V.A. Facility, the *'RECORDS WERE REFUSED'* by the counsel for the secretary Appellee, Edward J. Derwinski,

(3) That when Ray Stanowski of the Medical Records section sent the records to the Court of Veterans Appeals itself, the 'RECORDS WERE REFUSED',

(4) Appellant's motion for the production of documents filed September 9, 1991, requests, in part, records relating to appellant's involvement with platoon 358, the motivational platoon, and/or the correctional platoon. Appellant has requested that these records be included in the claims file on numerous occasions prior to the BVA decision. R. at 28, 97, 101, 110, 149, 156–58, 159–61. The Secretary asserts in his filing dated September 20, 1991, that "there is no provision in the Veterans' Judicial Review Act or this Court's rules for the production of documents", argues implicitly that the Court is without power to order such production, and contends that appellant's remedy in regard to such records request is through the Freedom of Information Act. 5 U.S.C. § 552(a)(4). Title 38 U.S.C. § 5107(a) (formerly § 3007(a)), in relevant part, requires that "[t]he Secretary shall assist such a claimant in developing the facts pertinent to the claim ... [including] requesting information as described in section 5106 of this title", and 38 U.S.C. § 5106 (formerly 3006) requires "[t]he head of any *Federal Department or agency* [to] provide such information to the Secretary as the Secretary may request for purposes of determining eligibility for or amount of benefits, or verifying other information with respect thereto" (emphasis added). *See also* 38 C.F.R. §§ 3.103(a), 3.159 (1991). Moreover, under 38 U.S.C. § 7261(a)(2) (formerly 4061(a)(2)), this Court, "to the extent necessary to its decision and when presented, shall compel action of the Secretary unlawfully withheld or unreasonably delayed." Consequently, pursuant to § 7261(a)(2), this Court is empowered to direct the Secretary to comply with the requirements of § 5107(a) to seek information relevant to appellant's claim under § 5106 from any Federal department or agency.

(5) Appellant's motion for the production of documents filed September 9, 1991 (motion), also requests the addresses, serial numbers, and [Veterans' Administration, (now Department of Veterans Affairs) (VA)] claims file numbers of Sergeant Rodriquez, Sergeant Williams, and Captain Wilburne. Appellant did not, however, request this information prior to the BVA decision.

In consideration of the foregoing, it is

ORDERED, regarding the records referenced in numbered paragraph two of this order and dated prior to June 13, 1991, that appellant, within 30 days of the date of this

**352**

order, indicate where and when a request for inclusion of these records in the claims file was made, indicating the page numbers where such requests are contained in the record on appeal as presently transmitted. It is further

ORDERED, regarding the records referenced in numbered paragraph three of this order and dated prior to June 13, 1991, that appellant, within 30 days of the date of this order, fully explain his assertions that these records were rejected by the VA and the Court. It is further

ORDERED that, within 60 days of the date of this order, the Secretary obtain all records regarding appellant's involvement with platoon 358, the motivational platoon, and/or the correctional platoon referenced in paragraph four of this order and transmit them as a supplemental record on appeal. It is further

ORDERED, regarding the information referenced in numbered paragraph five of this order, appellant's motion is denied as this information was not requested prior to the BVA decision. *See Rogozinski v. Derwinski*, 1 Vet.App. 19, 20 (1990). It is further

ORDERED that that part of the BVA decision which concluded that appellant's claims for emotionally unstable personality, vision impairment, head injury, right shoulder injury, right leg injury, and back injury were not well grounded is appropriate for summary disposition under *Rabideau v. Derwinski*, 2 Vet.App. 141, 143 (1992). That part of the BVA's decision that concluded that these claims were not well-grounded is affirmed. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).