Jeannie M. MOORE, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1334.

United States Court of Veterans Appeals.

April 28, 1992.

As Amended Aug. 5, 1992.

Before STEINBERG, Associate Judge.

ORDER

It is ORDERED, sua sponte, that the Court's order in this case issued on April 23, 1992, is revoked, and the following order is substituted therefor:

On October 23, 1991, the Secretary of Veterans Affairs (Secretary) filed a designation of record. On November 14, 1991, appellant filed a counter designation. On February 3, 1992, the Secretary filed a motion requesting the Court to order appellant to show cause why specified documents contained in appellant's counter designation should be included in the record on appeal. On February 20, 1992, in her response to the Secretary's February 3, 1992, motion, appellant argued that the counter-designated items should have been before the Board of Veterans' Appeals (BVA or Board) pursuant to the BVA's statutory duty to assist the veteran under 38 U.S.C. § 5107(a) (formerly § 3007).

Two issues are presented. Insofar as designating the record on appeal, this Court is precluded by statute from considering any material which was not contained in the "record of proceedings before the

Secretary and the Board." 38 U.S.C. § 7252(b) (formerly § 4052); *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (review in the Court shall be on the record of proceedings before the Secretary and the BVA). In *Rogozinski*, private medical records which had not been proffered to the BVA at the time it rendered its decision were precluded from review by the Court. *Id.* at 20. However, "[i]f the records had been proffered and rejected during the adjudication process, an additional and quite different question would have been presented, i.e., whether the rejection, and the reasons or bases for the rejection were proper." *Rollins v. Derwinski*, No. 90–690, 1992 WL 301092 (order, U.S. Vet.App. April 7, 1992).

■ As to appellant's argument regarding the Secretary's duty under section 5107(a) to assist claimants before the Department of Veterans Affairs (VA) in developing the facts pertinent to a well-grounded claim, when a claimant has submitted a well-grounded claim his or her bringing the existence of medical records to VA's attention in some manner triggers VA's duty to assist the claimant, requiring it to try to locate and obtain such records. *See Murinscak v. Derwinski*, 2 Vet.App. 363 (1992); *Littke v. Derwinski*, 1 Vet.App. 90, 92–93 (1990) (remanded on duty to assist grounds for BVA to obtain, inter alia, medical records to which appellant referred in substantive appeal to BVA); *see also Gross v. Derwinski*, 2 Vet.App. 551 (1992).

■ At this stage of the proceedings in the instant case, the Court cannot determine whether appellant's veteran husband proffered his medical records to VA prior to the BVA's decision on appeal, and, if so, whether VA wrongfully excluded them from the record below, or whether the BVA failed to fulfill a duty to assist appellant by failing to take the initiative to request or locate the records at issue. *See Sayre v. Derwinski*, 2 Vet.App. 224 (1992). These issues must be resolved before the Court can proceed to a merits review.

On April 23, 1992, this Court entered an order, which the instant order is designed to supersede.

On consideration of the foregoing, it is

ORDERED that the Secretary, within 30 days after the date of the April 23 order, file a preliminary record containing any documents in which VA may have had brought to its attention the existence of medical records from the four facilities listed in appellant's counter designation. It is further

ORDERED that appellant, within 30 days after the date of the April 23 order, file any evidence that her veteran husband attempted to bring the existence of the counter-designated documents or the documents themselves to the attention of VA prior to the issuance of the BVA decision at issue in this appeal. It is further

ORDERED that, if no responsive documents are located, the Secretary and appellant are directed to serve and file a notice attesting to that fact within 30 days after the date of the April 23 order. It is further

ORDERED that these proceedings are stayed for 30 days from the date of the April 23 order or until further order of the Court.