**Jack GROSS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1021.**

United States Court of Veterans Appeals.

April 28, 1992.

Before STEINBERG, Associate Judge.

ORDER

It is ORDERED, sua sponte, that this Court's order dated April 7, 1992, is revoked, and the following order is substituted therefor:

On September 27, 1991, appellant in the above-captioned appeal counter-designated medical records from three Department of Veterans Affairs (VA) hospitals (Kingsbridge in the Bronx, Brooklyn, and Miami) and a private hospital for inclusion in the record on appeal. On December 9, 1991, the Secretary of Veterans Affairs (Secretary) opposed appellant's counter designation on the grounds that the documents were not contained in appellant's claims file and had not been reviewed by the Board of Veterans' Appeals (Board or BVA) when it issued its decision which is the subject of this appeal. The Secretary has moved for an order requiring appellant to show cause

why the counter-designated documents should be included in the record on appeal.

This Court is precluded by statute from considering any material which was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b) (formerly § 4052); *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (review in the Court shall be on the record of proceedings before the Secretary and the BVA). In *Rogozinski*, private medical records which had not been proffered to the BVA at the time it rendered its decision were precluded from review by the Court. *Id.* at 20. However, "[i]f the records had been proffered and rejected during the adjudication process, an additional and quite different question would have been presented, i.e., whether the rejection, and the reasons or bases for the rejection were proper." *Rollins v. Derwinski*, No. 90–690, 1992 WL 301092 (order, U.S.Vet.App. April 7, 1992).

Section 5107(a) requires that VA assist a claimant in developing the facts pertinent to a well-grounded claim. Bringing the existence of medical records to VA's attention in some manner triggers VA's duty to assist the claimant, requiring it to try to locate and obtain such records. *See Murincsak v. Derwinski*, 2 Vet.App. 363 (U.S.Vet.1992); *Littke v. Derwinski*, 1 Vet. App. 90, 92–93 (1990) (remanded on duty to assist grounds for BVA to obtain, inter alia, medical records to which appellant referred in substantive appeal to BVA).

At this stage in the proceedings of the instant case, the Court cannot determine whether appellant proffered his medical records to VA prior to the BVA's decision on appeal and, if so, whether VA wrongfully excluded them from the record below, or whether the BVA failed to fulfill a duty to assist appellant by failing to take the initiative to request or locate the records at issue. *See Sayre v. Derwinski*, 2 Vet.App. 224 (1992).

On April 7, 1992, this Court entered an order, which the instant order is designed to supersede.

On consideration of the foregoing, it is

ORDERED that the Secretary, within 30 days after the date of the April 7 order, file a Preliminary Record containing any documents in which VA may have had brought to its attention the existence of medical records from the four facilities listed in appellant's counter designation. It is further

ORDERED that appellant, within 30 days after the date of the April 7 order, file any evidence that he attempted to bring the existence of the counter-designated documents or the documents themselves to the attention of VA prior to the issuance of the BVA decision at issue in this appeal.