**Tyrone A. ANDREWS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–2140.

United States Court of Veterans Appeals.

May 7, 1992.

ter designated documents from the Department of Veterans Affairs (VA), and that had the Secretary been more diligent, he likewise could have located them.

Appellant's pleading raises the question, why, if these records were obtained from the VA and are relevant to appellant's claim, as appellant alleges, were they not part of appellant's claims file, as the Secretary alleges? A review of these documents reveals, however, that while they are appellant's medical records, the documents are not relevant to the issue on appeal. This could account for their absence from appellant's claims file.

This Court is precluded by statute from considering any material which was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (review in the Court shall be on the records of proceedings before the Secretary and the BVA). Since evidence dated after the BVA's decision was rendered could not have been part of the proceedings before the Secretary and the BVA, its inclusion, for consideration by this Court, as part of the record on appeal is precluded by statute. Likewise, evidence which existed prior to the BVA's decision, but which was not part of the record of proceedings before the BVA and the Secretary, cannot be considered by the Court.

Finally, pursuant to this Court's Rules of Practice and Procedure, any party requesting the Court's intervention in a dispute over the content of the record on appeal is to describe in their motion "the good faith efforts that have been made to resolve the dispute." U.S.Vet.App.R. 10. In the instant case, the "good faith efforts" described by the Secretary consisted of unanswered telephone calls traded back and forth between counsel for the Secretary and appellant. The parties have never discussed the matter. The Court does not consider unanswered telephone calls to be a "good faith effort" at resolution.

Before FARLEY, Associate Judge.

ORDER

On March 10, 1992, appellant counter designated eight documents for inclusion in the record on appeal. On April 14, 1992, the Secretary of Veterans Affairs (Secretary) informed the Court of a dispute between the parties regarding the content of the record on appeal. The Secretary states that counter designated items 3, 7 and 8 post-date the Board of Veterans' Appeals (Board or BVA) decision on appeal and that items 1, 2, 5 and 6, were not contained in appellant's claims file. He apparently has no objection to item 4. The Secretary moves for an order requiring appellant to show cause why these counter designated documents should be included in the record on appeal.

On April 27, 1992, appellant responded in opposition to the Secretary's motion. He argues that he obtained the disputed counter designated documents from the Department of Veterans Affairs (VA), and that had the Secretary been more diligent, he likewise could have located them.

Nevertheless and upon consideration of the foregoing, it is

ORDERED that counter designated items 3, 7 and 8, which postdate the BVA decision, will not be included in the record on appeal. It is further

ORDERED that counter designated items 1, 2, 5 and 6, which were not contained in appellant's claims file and which were not part of the record of proceedings before the Secretary and the Board, will not be included in the record on appeal. It is further

ORDERED that the Secretary, within 30 days after the date of this order, shall transmit to the Clerk of the Court and to appellant, the record on appeal.