**Larry D. MATTSON, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–797.**

United States Court of Veterans Appeals.

July 28, 1992.

**644**

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Larry D. Mattson, appeals from a February 14, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for hearing loss and tinnitus. Because the Board failed to provide an adequate statement of the reasons and bases for its findings and conclusions, including its evaluation of evidence favorable to the veteran and of the applicability of the benefit-of-the-doubt rule, the matter will be remanded to the Board for readjudication.

 In a pleading before the Court in opposition to a motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance, the appellant submitted two documents which he seeks to have the Court consider. The first is a letter dated December 17, 1991—after the BVA decision here on appeal—from a Department of Veterans Affairs (VA) physician. The second is a reproduction of a page in the record on appeal, submitted because part of the writing on the original document was apparently inadvertently cut off from the copy currently in the record. Review in this Court is limited by statute to review "on the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b) (formerly § 4052); see *Rogozinski v. Derwinski*, 1 Vet.App. 19, 20 (1990). The Court may not consider new evidence which was not in the record before the Board and VA. *Rogozinski, supra.* The December 17, 1991, letter could not have been part of the record before the Secretary and Board, and thus the Court may not consider it in connection with this appeal. The appellant will be free to submit that document to the BVA on the remand pursuant to this decision. The second document submitted by the appellant was a part of the record before the Secretary and the Board. The copy submitted by the appellant does contain some writing which does not appear on the copy currently in the record. The Court deems the appellant's submission of this document to be a motion to file, out of time, a supplemental

record on appeal, and grants the motion. That document will be considered by the Court in reaching its decision on this appeal.

The veteran served in the United States Army Reserves from May 1957 to April 1965. He had periods of active duty from July 15 to December 16, 1958, and from July 12 to July 26, 1959. R. at 21. His service medical records were apparently destroyed or "severely damaged" by a fire at the National Personnel Records Center in 1973. *Ibid.* He asserts that he suffered hearing loss and tinnitus as the results of exposure to severe noise from weapons fire during the periods of active duty noted above. In support of his claim for service-connected disability compensation, he submitted audiogram reports and physicians' notes and letters dating from December 1959 to February 1961, all verifying that the veteran had hearing loss and ringing in the ears at that time, and containing diagnoses of "nerve loss of hearing" and "sensory-neural loss". R. at 5–13. A July 22, 1960, medical report stating an opinion that the veteran suffers "sensory-neural loss" also contains the notation "etiology obscure". R. at 10. In the absence of an entrance examination, the appellant may be entitled to the presumption of sound condition at entry onto active duty. 38 U.S.C. § 1111 (formerly § 311).

At a March 16, 1990, personal hearing before a VA Regional Office, the appellant testified under oath that he had first suffered hearing loss and ringing in the ears during his period of active duty in 1958, after exposure to extremely loud noise from ammunition fire in weapons training, and that those conditions became constant during his period of active duty in July 1959 and have continued ever since. R. at 40–53. At that hearing, the appellant also submitted a March 15, 1990, statement from a VA audiologist who stated that he had reviewed the appellant's old audiograms and that the hearing loss shown on those reports was "consistent with the [reported] noise exposure this veteran had during his six month active duty" (R. at 54); and a statement from an individual who asserted that he had served in basic training with the appellant and that the appellant often had complained of ringing in his ears after being on the firing range (R. at 55).

In its February 14, 1990, decision denying service connection for hearing loss and tinnitus, the BVA concluded that "the fact remains that the chronological circumstances in this case are such that the origins of the appellant's hearing loss and tinnitus remain a matter of considerable speculation, as there are simply too many other factors of a possibly precipitating and/or contributory nature which have not been ruled out, despite testimony and contentions furnished by the appellant to the contrary." *Larry D. Mattson*, BVA 91–12694, at 5 (Feb. 14, 1991). The Board also concluded: "In coming to the above decision the Board has considered the doctrine of affording the appellant the benefit of any existing doubt. However, the evidentiary record is not so evenly balanced as to warrant the resolution of this matter on that basis." *Ibid.*

■ The Board is required to give reasons or bases for its findings and conclusions, including an analysis of "the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim". *Gilbert v. Derwinski*, 1 Vet.App. 49, 59 (1990); *see* 38 U.S.C. § 7104(d)(1) (formerly § 4004); *Cousino v. Derwinski*, 1 Vet.App. 536, 540 (1991). The "reasons or bases" requirement also obligates the Board to provide the reasons or bases for its analysis of the applicability of the benefit-of-the-doubt rule in 38 U.S.C. § 5107(b) (formerly § 3007) and 38 C.F.R. § 3.102 (1991). *See Tobin v. Derwinski*, 2 Vet.App. 34, 39 (1991). Moreover, where a veteran's service records are missing, "the BVA's obligation to explain its findings and conclusions and to consider carefully the benefit-of-the-doubt rule is heightened." *O'Hare v. Derwinski*, 1 Vet.App. 365, 367 (1991). The BVA failed to comply with these requirements.

The BVA decision does not contain any statement of findings as to the credibility and probative value of the veteran's sworn

testimony and the lay and medical evidence supporting his claim, as it was required to do. *See Cartright v. Derwinski,* 2 Vet. App. 24, 25–26 (1991); *Hatlestad v. Derwinski,* 1 Vet.App. 164, 169–70 (1991); *Gilbert,* 1 Vet.App. at 56–57. The only reason given by the Board for its conclusion was that "there are too many other factors of a possibly precipitating and/or contributory nature which have not been ruled out". *Mattson,* BVA 91–12694, at 5. However, the Board did not identify any such "other factors" in its decision, nor is there any evidence in the record attributing the veteran's hearing loss and tinnitus to any such "other factors". Under these circumstances, the Board's discussion is "neither helpful to the veteran, nor clear enough to permit effective judicial review, nor in compliance with statutory requirements." *Gilbert,* 1 Vet.App. at 59.

■ Moreover, the Board's reference to the need for the veteran to submit evidence ruling out other causes for his hearing loss seeks to impose a burden on a VA claimant that is inconsistent with our holding that a claimant is to prevail unless "a fair preponderance of the evidence is against the claim". *Gilbert,* 1 Vet.App. at 55. This holding flows from the statutory benefit-of-the-doubt rule in 38 U.S.C. § 5107(b).

■ As to consideration of the benefit-of-the-doubt rule, the Board's conclusory statement that its application is not warranted in this case is clearly insufficient, particularly in light of the medical and lay evidence submitted by the veteran and the heightened reasons or bases requirement necessitated by the absence of the veteran's service records. Pursuant to section 5107(b), the Board is required to give the veteran the benefit of the doubt on any material issue as to which the evidence is in "relative equipoise". *Gilbert,* 1 Vet.App. at 55. Here, the veteran has submitted several items of lay and medical evidence supporting his claim. There is no contrary evidence. Under these circumstances, the Board's reasons or bases as to the application of the rule are clearly insufficient. The Board's statement that other possibly precipitating or contributory factors have not been ruled out cannot support its conclusion that the benefit-of-the-doubt rule is not applicable, since there is no cited evidence of such other factors. *See* 38 C.F.R. § 3.102 (1991) ("Mere suspicion or doubt as to the truth of any statements submitted, as distinguished from impeachment or contradiction by evidence or known facts, is not a justifiable basis for denying the application of the reasonable doubt doctrine if the entire, complete record otherwise warrants invoking this doctrine."). On this record, the Board would face a nearly insurmountable task in producing an adequate statement of reasons or bases for a denial of service connection for the hearing loss and tinnitus.

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief and reply brief, it is held that the February 14, 1991, BVA decision is vacated, and the matter remanded for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a) (formerly § 4004), 7104(d)(1); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). On remand, the appellant will be free to submit additional evidence. It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet. App. 23, 25–26 (1990). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant.

VACATED AND REMANDED.