Donald K. ST. ARBOR, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–1385.

United States Court of Veterans Appeals.

Aug. 6, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, veteran Donald K. St. Arbor, appeals from a July 25, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for a psychiatric disorder and a back disorder (together characterized as psychophysiologic musculoskeletal reaction). The BVA's denial of an additional claim for service-connected compensation for a heart disorder was not appealed. Because the Court finds that the appellant has not submitted new and material evidence to reopen his claim, the Board's decision will be affirmed.

The veteran served on active duty in the United States Army from April 18, 1957, to August 14, 1957. R. at 1. His entrance examination revealed no preexisting disa-

bilities. R. at 2–3. In July 1957, while on active duty, the veteran was hospitalized with complaints of acute anxiety associated with the onset of low back pain. R. at 5. At that time he related a history of back pain dating from an injury in high school. Army physicians diagnosed the condition as psychogenic musculoskeletal reaction. R. at 13. An Army Medical Board, recommending discharge on the basis of this condition, stated that the condition had existed prior to the veteran's service and had not been aggravated by such service. R. at 30.

On August 29, 1957, the veteran filed a claim for service-connected disability compensation for a back disorder. The BVA denied the claim in an April 9, 1958, decision, concluding that the evidence "clearly establishe[d] the preservice existence of this condition, which was diagnosed as psychogenic musculoskeletal reaction" and did not support a finding of aggravation of the condition in service. R. at 71–72. The veteran sought to reopen his claim in 1985 on the basis of additional evidence. In a November 30, 1986, decision, the Board again denied service connection for the veteran's psychogenic musculoskeletal reaction, concluding that the evidence "clearly and unmistakably" demonstrated that the veteran's psychiatric condition preexisted service. R. at 139. *See* 38 U.S.C. § 1111 (formerly § 311).

■ In 1988 the veteran again sought to reopen his claim, submitting copies of his service medical records which had been before the Board at the time of its prior decisions in 1958 and 1986. R. at 147–50. In a July 25, 1990, decision, the Board denied service connection "for back and psychiatric disorders (characterized as a psychophysiologic musculoskeletal reaction)". *Donald K. St. Arbor*, BVA 90–25700, at 7 (July 25, 1990). The Board concluded that the evidence submitted by the veteran since the prior final Board decision in 1986 was material, but was "by no means new", since that evidence had been considered at the time of the prior Board decisions, and that, therefore, the prior Board decisions denying disability compensation "remain final". *St. Arbor*, BVA 90–25700, at 6–7.

■ Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary of Veterans Affairs (Secretary) when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski*, 1 Vet. App. 210, 215 (1991). If there is no new and material evidence, the claim may not be reopened and allowed. 38 U.S.C. §§ 7104(b), 5108.

■ "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). For evidence to be "material", it must be "relevant and probative" and "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Ibid; Jones, supra;* 38 C.F.R. § 3.156 (1991). The Court agrees with the Board that the evidence submitted by the veteran since the prior final Board decision in 1986 was not "new", because that evidence was considered by the Board in its prior final decisions, and that, therefore, the claim could not be reopened. *Colvin, supra; Jones, supra.*

■ The Court notes that the veteran has attached to his brief submitted to this Court a copy of progress notes relating to psychiatric treatment, dated May 17, 1991. Review in this Court is limited by statute to review "on the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b) (formerly § 4052); *see Rogozinski v. Derwinski*, 1 Vet.App. 19, 20

(1990). The Court may not consider evidence which was not in the record before the Board and the Department of Veterans Affairs. *Rogozinski, supra.* The May 17, 1991, progress notes post-date the BVA decision here on appeal and thus could not have been a part of the record before the Secretary and Board. Therefore, the Court may not consider that document in connection with this appeal, nor determine whether it is "new and material" evidence so as to justify a reopening at the Regional Office.

Upon consideration of the record and the briefs of the parties, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The July 25, 1990, BVA decision is affirmed.

AFFIRMED.