George C. NICI, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–460.

United States Court of Veterans Appeals.

Oct. 30, 1996.

Janet A. Cohen was on the brief for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Patrick J. Lamoure were on the brief, Washington, DC, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

HOLDAWAY, Judge:

The appellant, George C. Nici, appeals a March 9, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which found no new and material evidence had been submitted to reopen a claim for a left varicocele. On June 25, 1996, the Board's decision was affirmed by a single judge in a memorandum decision. The appellant subsequently, and in a timely fashion, moved in accordance with Rule 35(b) of this Court's rules for a panel review of that decision. That motion is granted and the single judge memorandum decision is hereby withdrawn. For the reasons that follow, the Court, sitting in panel, will affirm the Board's decision.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Army from May 1952 to March 1954. He underwent a preinduction physical in January 1952 and an induction physical in May 1952. Both physicals, signed by two different medical doctors, noted in the clinical evaluation section a left varicocele of moderate degree that was nondisqualifying. A varicocele is a "condition manifested by abnormal dilation of the veins of the spermatic cord, [which results] in impaired drainage of blood into the spermatic cord veins when the patient assumes the upright position." STEDMAN'S MEDICAL DICTIONARY 1907 (26th ed.1995). During his service, the appellant was admitted to a medical facility for "pain in the left half of his scrotum" and was diagnosed with a left varicocele. An abbreviated clinical record (64th Field Hospital) signed by a ward officer noted that the appellant said he had had this condition for as long as he could remember. A doctor's progress note from another military hospital (21st Evacuation) by yet another medical doctor noted that the condition had existed since puberty. The same condition was also noted in the clinical evaluation of the appellant's separation physical.

Shortly after separation from the service in 1955, the appellant filed a claim with the then Veterans' Administration for disability compensation · for the varicocele condition. Documents filed with the regional office which adjudicated that claim state that the claim was based on aggravation of a preexisting condition. In support of the claim was an averment from the appellant that he had been transferred from the infantry to the signal corps to "ease the strain." In a report of a post-service medical examination con-

ducted by VA and attached to that claim, the surgeon noted that "there are a few *moderately* dilated . . . veins involving the left spermatic cord." (Emphasis supplied.) The claim was denied. On an appeal to the BVA, the Board found the following:

> The evidence in its entirety including the contentions of the veteran has been considered. A left varicocele was noted on examination prior to entry into service. The observation, diagnosis, and treatment during service were for amelioration of the preservice condition. Increase in disability of the preservice level of disablement or aggravation of the left varicocele during service is not established by the evidence.

In 1989, the appellant filed to reopen the previous final denial of his claim for the varicocele condition. Attached to that claim was an affidavit from the appellant denying that he had ever made a statement that he had had this condition "for as long as he could remember" and also averring that prior to his service he had no "awareness" of such a condition, and that if he had had such a preexisting condition", it had not bothered him until his service. He iterated the fact that he had been transferred to lighter duties because of his condition. Also attached were certain medical records from the New York City school system pertaining to the appellant that are silent as to a varicocele condition.

## II. ANALYSIS

In order to reopen a case that has become final, an appellant *must* submit evidence that is both new and material. 38 U.S.C. §§ 5108, 7104(b). Failure to do so precludes reopening of the claim. To be material the new evidence must be probative and must be of such significance that, when it is viewed in the context of *all* the evidence, old and new, there is at least a reasonable possibility that the result would thereby be changed. *Evans v. Brown*, 9 Vet.App. 273 (1996); *Cox v. Brown*, 5 Vet.App. 95, 98 (1993). The Secretary's regulation, 38 C.F.R. § 3.156(a) (1995), states the same principle in a slightly different, if somewhat vaguer and more subjective way, i.e., the "new" evidence must be of such significance

"that it must be considered in order to fairly decide" the claim. Of course, evidence that does not present at least a reasonable possibility of changing the result perforce cannot be of such significance that "fairness" requires its consideration. This Court has held, with limited exceptions not applicable to this case, that credibility of the new evidence is to be presumed *for purposes of reopening only*. Once there is a reopening, de jure or de facto, the fact finder is then free to assess credibility, or its lack, in determining the merits of the case. *Justus v. Principi*, 3 Vet.App. 510 (1992).

In attempting to establish that his affidavit and the school records are material, the appellant appears to be arguing alternative theories:

(1) that the school records are material in tending to negate the prior adjudication that found the condition to be "preexisting"; (2) that the affidavit is material in tending to negate one piece of evidence used in the prior adjudication, i.e., a clinical note that the appellant said he had had the condition "for as long as he could remember"; (3) that even if the condition had preexisted, the affidavit is both new and material in establishing aggravation. We will consider the contentions seriatim: (1) If we understand the appellant's argument concerning the school records, it is that they are material in that they, potentially at least, establish, contrary to the clinical evaluations of the induction physicals, that the varicocele condition was not "preexisting." The Board in treating this issue simply noted that, unlike the clinical evaluations made in connection with induction physicals, the school records do not indicate that there was a comprehensive physical examination or evaluation, but are simply nursing notes concerning unrelated complaints. Therefore, the Board found no reasonable possibility that these records could change the result. The Court agrees. The school records do appear to be marginally probative in that they tend to show, or at least imply, that the varicocele condition may not have existed during the appellant's school years. They are far from conclusive on that issue, but are of some probative value. *Evans, supra.* As to the reasonable possibility

of a changed outcome, two different doctors, one at a preinduction physical and another one at the induction physical, found in *clinical* evaluations of the appellant, that he had a moderate varicocele condition on acceptance into the service. There simply is no reasonable possibility that the school records, which do not contain even one, let alone two, comprehensive clinical evaluations could reasonably change the result. In this connection, it should be noted that the school medical records end in 1949. The appellant was inducted in 1952. Therefore, even assuming the records contained a clinical evaluation showing no varicocele condition in 1949, which they do not, they do not rebut the clinical evaluations that identified the condition some two or three years later.

■■■ (2) The appellant's affidavit is new insofar as it purports to rebut the clinical notes in service indicating the appellant had told the doctors that he had the condition as long as he could remember. However, while new and arguably "probative," it is not material. In this connection, the BVA assumed, as they should have, and as this Court does now, the credibility of the appellant's testimony, *Justus, supra.* However, the credibility of the statement is only the beginning of the inquiry concerning materiality. To be material, the probative evidence must, when considered with all the evidence both new and old, present the possibility (or be of such significance) that it could potentially change the result. Therefore, in addition to its truthfulness, the *weight* of the "new" evidence, in context of all the evidence, must, by necessity, be considered in the decision as to materiality. In this regard, the complete removal from consideration of the clinical notes showing a preexisting condition by history would avail the appellant nothing. Whether he admitted a history of this condition or not pales into insignificance in light of the unrebutted induction physicals that show such a condition, *clinically.* His statement does not address at all the undeniable facts upon which the finding of preexistence was based, i.e., the clinical evaluations of the two doctors who conducted the physical examinations at his two separate induction physicals. There is no indication that these evaluations were based on history furnished by the appellant. They are denominated "clinical evaluations"; i.e., a professional evaluation based on physical facts found by the medical personnel and are quite specific as to the severity of the condition. Of course, to the extent that the appellant may be attempting to cast doubt on the medical soundness of these evaluations and may be asserting that the doctors at these physicals were simply wrong, then his own medical opinion or even his awareness of the condition as a lay person would be of no evidentiary value. *Espiritu v. Derwinski,* 2 Vet.App. 492 (1992). In summary, the new evidence, insofar as it relates to negating the previous denial based on preexistence of the condition, simply does not present a reasonable possibility of changing that result.

(3) The appellant's statement, when evaluated as new medical evidence that may establish aggravation of a preexisting condition, is likewise unavailing. Insofar as it may be interpreted as his own medical opinion of aggravation, it is incompetent for the reasons stated in *Espiritu, supra.* There is an even more fundamental reason for denying its use in reopening his claim. It is not new. He stated nothing concerning the medical circumstances of his condition that was not before the Board in 1955: Two clinical evaluations of a moderate varicocele condition at induction; a flareup of that condition during service; and a surgeon's note after service that this condition was moderate were all before the Board in 1955. Also before the Board at that time was the fact he had been "reprofiled" because of the condition and given lighter duties, a fact he restated in his most recent statement. The statement he made in connection with his present claim is cumulative and is therefore not new. *See Hunt v. Derwinski,* 1 Vet.App. 292 (1991); *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991) (cumulative evidence not "new").

■■ There is one other item that merits mention. In her brief, the appellant's counsel has attached several exhibits, denominated as such. Some are duplicates of evidence in the record and some are not. The latter consists of medical treatises. This Court may consider only the record that was

before the Board. 38 U.S.C. § 7252(b). This limitation, a common one for appellate courts, has been iterated and reiterated by our Court in numerous opinions. *See e.g., Gabrielson v. Brown,* 7 Vet.App. 36, 41–42 (1994); *Obert v. Brown,* 5 Vet.App. 30, 32 (1993); *Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990). While it is true that there is, unavoidably, a certain amount of "fact finding," i.e., a comparative weighing and evaluation of new and old evidence in connection with the materiality issue, as noted, *supra,* the weighing and evaluation must be based on the record, *and only the record,* that was before BVA. We trust that in the future counsel will take care to become familiar with this Court's review authority.

The decision of the Board was correct in fact and law. It is AFFIRMED.

IVERS, Judge, concurring:

I concur in the opinion as written, but write separately to raise a point regarding the appellant's pleadings in this case. In the appellant's Motion for Panel Review (Appellant's Mot.), counsel for the appellant quotes from 38 U.S.C. § 1111 but in so doing, fails to include a key phrase ("... except as to defects, infirmities, or disorders, noted at the time of the examination, acceptance, and enrollment ..."), a phrase which is directly applicable to the facts in this case. *See* Appellant's Mot. at 3.

Counsel is reminded that the Court does read counsel's submissions and the pertinent statutes and regulations. An omission such as this is neither helpful to the Court nor helpful to counsel and counsel's client. *See* MODEL RULES OF PROFESSIONAL CONDUCT Rule 3.3(a)(3) cmt. (1994).