**Shelia WINSETT, Appellant,**

v.

**Togo D. WEST, Jr., Secretary Of Veterans Affairs, Appellee.**

**No. 95–1109.**

United States Court of Veterans Appeals.

Sept. 21, 1998.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

## ORDER

PER CURIAM:

On July 23, 1998, the Secretary filed a motion to strike portions of the appellant's brief and appendix, specifically Appendix C to the appellant's brief consisting of two memoranda from one member of the Paralyzed Veterans of America to another and that portion of the appellant's brief which references the memoranda. The Secretary contends that the material is not appropriately a part of the record because it was not before the Board. *Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990). The appellant argues it is a computer-generated distillation of medical opinions rendered by VA doctors in other cases and, for that reason, must be considered as having been before the Secretary. Further, the appellant argues that these opinions are always consistent in finding no nexus between exposure to Agent Orange and diseases not presumptively establishing service connection, and therefore the opinion rendered by Dr. McPhail is suspect as to truthfulness. *See also* Appellant's Brief (Br.) at 16 ("It is ... virtually impossible to imagine a VHA doctor taking a position that supports a veteran's argument rather than the VA's"). Appellant's purpose in wanting Appendix C to be included in the record on appeal is to show that "[t]he opinion evidences bias, indicating that its author was predisposed toward rendering an unfavorable opinion." Appellant's Br. at 18. Ultimately, she seeks readjudication without consideration of VA medical testimony. Neither she nor the Secretary addresses how our consideration of the appendix, as evi-

dence of bias, can be consistent with 38 U.S.C. § 7261(c), which precludes a trial de novo on factual issues in this Court.

"In no event shall findings of facts made by the Secretary or the Board of Veterans' Appeals be subject to trial de novo by the Court." 38 U.S.C. § 7261(c). The appellant's attempt to have this Court entertain her assertions of bias on the part of VA doctors rendering opinions as to nexus between Agent Orange exposure and diseases not, by law, presumed to establish service connection is an invitation to engage in fact finding. We may not do so. Thus, pretermitting whether the Appendix C is properly a part of the Record on Appeal, or otherwise knowable by the Court, the relief appellant seeks (remand for readjudication without consideration of VA employed expert medical opinion) is unavailable in this Court. That material is "not relevant to the issues on appeal" (*see* U.S. VET.APP. R. 10(d)) because the question of bias is not before the Court in this appeal. It is, therefore

ORDERED that the Secretary's motion to strike is GRANTED. It is further

ORDERED that the Clerk make appropriate entries in the Court's record implementing this order.