**John R. BROWN, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 98–1586;

United States Court of Appeals for Veterans Claims.

May 11, 1999.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

## ORDER

PER CURIAM:

The appellant appeals an April 15, 1998, Board of Veterans' Appeals (Board or BVA) decision which denied claims for (1) service connection for left ear hearing loss; (2) increased evaluation for the veteran's service-connected right ear sensorineural hearing loss; and (3) increased evaluation for the veteran's service-connected post-traumatic stress disorder (PTSD). Following the Secretary's designation of the record, the appellant counter designated four documents. On February 11, 1999, the Secretary filed a motion to exclude one of the counter designated documents, specifically item number 2, asserting that the document was not contained in the appellant's claims file. The appellant, who is represented by counsel, has filed a response in opposition to the Secretary's motion.

The document at issue consists of sections from the VA Physician's Guide, Mental Disorders (Guide), specifically (1) Section 1.10 Severity of Disability; (2) Physician's Guide, Re–Examination, 9411; and (3) PTSD Examination worksheet. The Secretary, citing *Bell v. Derwinski,* 2 Vet.App. 611 (1992) (per curiam order), argues that while the counter-designated document was VA generated, it is not the type of document that could "reasonably be expected to be part of the record." Further, the Secretary, citing *Allin v. Brown,* 6 Vet.App. 207 (1994), notes that the Court has recognized the Guide as a reference material and argues that since the Guide does not have the force of statute or regulation, it is not a document upon which the Board must rely. The Secretary notes that the Guide was not specifically (or otherwise) relied on or even mentioned in the Board's decision on appeal. Further, the Secretary indicates that he has represented to the appellant that he has no objection to the material being appended to the appellant's brief.

The appellant, citing *Bell,* argues that the document should be included in the record. Further, the appellant asserts that the BVA consults the Guide in adjudicating cases to determine whether an examination is adequate and thus it "reasonably could be expected" that the Guide is contemplated by the Board in determining the adequacy of a ratings examination.

The governing statute for this Court's review of decisions of the BVA is 38 U.S.C. § 7252(b), which provides that "[r]eview in this Court shall be on the record of

proceedings before the Secretary and the Board." *See Rogozinski v. Derwinski,* 1 Vet. App. 19 (1990). The purpose of the record on appeal is to provide the Court with the facts as known to the Board at the time of its decision and to document the procedures followed in adjudicating the appellant's claim. In short, its purpose is to provide evidence relevant to the appellant's claim. *See* U.S. Vet.App. R. 10(b) ("[T]he record on appeal may not include materials not relevant to the issues on appeal."); *Winsett v. West,* 11 Vet. App. 455, 456 (1998). In this case the appellant's pleadings reveal that he wishes to offer the Guide as a standard against which to judge the particular facts of this case. It appears that the appellant seeks to use the Guide not as evidence, but rather in the nature of an authority, such as a statute or regulation. Accordingly, because it is not being offered to prove a substantive or procedural fact, the Guide sections cannot be included in the record. The Court notes that, as the Secretary has suggested, it would be appropriate for the appellant to append the disputed pages to his brief if he cites to them as supplemental authority in his brief. *Cf. Allin,* 6 Vet.App. at 214 (Guide does not have force of statute or regulation, and, therefore, is not document binding upon VA.)

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted. The document counter designated by the appellant and opposed by the Secretary will not be included in the record. It is further

ORDERED that the Secretary, within 14 days after the date of this order, and pursuant to Rule 11 of this Court's Rules of Practice and Procedure, transmit to the Clerk and serve on the appellant the record on appeal. It is further

ORDERED that this appeal is returned to the single judge for disposition of all remaining issues.