**Rosa Roman DE PEREZ, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–487.**

United States Court of Veterans Appeals.

Submitted July 26, 1991.

Decided Jan. 15, 1992.

Rosa Roman De Perez, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Thomas A. McLaughlin, were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

MANKIN, Associate Judge:

Rosa Roman De Perez is the spouse and custodian of Herminio Perez–Adames, a veteran. On his behalf, she brings this appeal from an April 9, 1990, decision of the Board of Veterans' Appeals (Board or BVA) that denied her husband service connection for prostatitis (inflammation of the prostate gland) and for a leg disability. Liberally construed, appellant's informal brief raises several arguments. First, she argues that the BVA failed to take proper account of the statutory presumption of service connection for chronic diseases. Second, she alleges the Department of Veterans Affairs (formerly the Veterans' Administration) (VA) violated its duty to assist her husband in developing his claim by failing to order a more thorough medical examination. Finally, appellant invites the Court to identify clear and unmistakable error in earlier adjudications of the veteran's claims, including his claim for service connection of a nervous disorder. We affirm the decision of the Board.

## I. BACKGROUND

When the veteran entered the service in 1942, no abnormalities were noted on his entrance physical. R. at 8–10. In November 1943, his arm and nose were injured in a car accident, and in February 1944, he was accidentally crushed between two trucks, suffering contusions. He nevertheless returned to duty in March 1944, with his condition noted as "improved." R. at 13–14. Upon discharge from service in 1945, his separation physical noted only "healed fracture right forearm." R. at 15. In May 1946, approximately six months after his discharge, the veteran developed appendicitis and was hospitalized. Following an appendectomy, he "developed acute pain in the left leg with high fever," diagnosed as phlebitis (inflammation of a vein). R. at 22.

In October 1947, the BVA denied Perez–Adames service connection for claimed residuals of his nose injury, residuals of his abdominal contusions, for chronic phlebitis of his left leg, and for nervousness; it also denied a rating increase for his service-connected arm fracture. R. at 24. Following this initial rejection of his claims, the veteran's general health declined. Over the next forty years, he was treated for numerous physical and psychiatric ailments, several of which resulted in hospitalization. His history of medical complaints, diagnoses, and disability claims includes the following: left leg injury (1951); thrombophlebitis of the left leg and thigh, varicose veins, and subacute cystitis (1954); Schonlein–Henoch syndrome (vascular disease characterized by purplish discoloration of the skin) and amoebiasis of the colon (1956); disability claim for prostatitis, slipped right kidney, intestinal deformity, deviation of vertebral column, amoebiasis, Schonlein–Henoch syndrome, hip condition, vertebral laceration, and anemia (1957); acute hemorrhagic cystitis (1958); herniated nucleus pulposus, L4–L5, and/or L5–S1, right (1959); fibromyositis and varicose veins (1960); thrombophlebitis, conversion reaction, and alopecia areata of the face (1960–61); chronic lesion of the dorsal spine, post-phlebitic syndrome, varicose veins, schistosomiasis (parasitic worm

infestation) and prostatitis (1961); right gluteal and lumbar paravertebral muscle spasm with slight limitation on forward bending, atrophy of the right calf and right thigh, trichuriasis (parasitic worm infestation), ulcerative colitis, and conversion reaction (1962); schizophrenic reaction, chronic, paranoid type (1965, 1967); varicose veins, chronic lumbar fibromyositis, and chronic schizophrenia, undifferentiated type (1973–74); schizophrenia (1976–80).

The veteran's history of proceedings before the VA is similarly lengthy. Perez–Adames was apparently denied pension benefits in 1955. R. at 28. In 1957 a rating decision on the veteran's reopened claim denied service connection for numerous claimed disabilities, including prostatitis. The BVA upheld the denial of these claims in 1958. In 1962, the BVA denied his claim for a permanent and total disability rating for pension purposes, denied a compensable rating for residuals of the fracture of his left arm, and denied service connection for claimed residuals of an injury to his lumbosacral region, including phlebitis, left leg, and nervousness. In 1970 the BVA apparently denied him service connection for schizophrenic reaction on the grounds that a psychiatric disability was not present in service or manifested during the year following the veteran's discharge. R. at 39.

In 1981 the veteran again attempted to reopen his claim, but the VA Regional Office (VARO) found that the evidence submitted was not new and material. In August 1987 the BVA, in a lengthy decision, denied his appeal on the grounds that the evidence submitted was to some extent new, but cumulative in nature, and did not establish a new factual basis for the claim. R. at 38–50. The veteran apparently began receiving pension benefits based on total disability prior to March 1988. R. at 51, 72. In May 1988 the VARO again denied that a new factual basis had been established to support his claim for service connection for thrombophlebitis, a back condition, or a nervous condition. In December 1988 the veteran submitted a statement in support of his reopened claim for service connection for prostatitis, phlebitis, thrombophlebitis

and leg conditions. R. at 83. In January 1989 the VARO upheld its previous rating decisions, again finding that the evidence submitted was not new and material. Perez–Adames filed a notice of disagreement (NOD) with this decision in May 1989. R. at 114. In December 1989, following a successful search for records of Dr. Luis R. Cuebas Velez, the rating decision was confirmed. In April 1990 the BVA upheld the denial of service connection for prostatitis and phlebitis on the grounds that the veteran's newly submitted evidence did not establish a new factual basis for awarding service connection for those conditions. *Herminio Perez–Adames,* BVA 90–02401 (Apr. 9, 1990). It is this decision that Mrs. Roman De Perez has appealed to this Court.

## II.  ANALYSIS

The claims considered by the BVA had been considered previously by both the VARO and the BVA, and denied. It is therefore necessary to determine whether the veteran submitted new and material evidence to support a reopening of his claim. 38 U.S.C. § 5108 (formerly § 3008). The evidence submitted since the prior denial consists of a radiographic report relating to prostatitis, R. at 167; a three-page medical report of Dr. Stoddard, R. at 52–54; a single page of progress notes prepared by Dr. Maria M. Perez, R. at 97; a statement by Dr. Luis R. Cuebas Velez, R. at 166; copies of pharmacy and medical bills, copies of previously submitted medical reports, some news articles, and several sworn statements, some or all of which appear to have previously been of record. The veteran also submitted a Statement in Support of Claim, Form 21–4138, wherein he stated that his medical condition had worsened. R. at 83. In reviewing the evidence, the BVA did not (as it should have) expressly determine whether the evidence was new and material. *See Colvin v. Derwinski,* 1 Vet.App. 171 (1991); *Manio v. Derwinski,* 1 Vet.App. 140 (1991). The Board reviewed the old evidence, although not as extensively as it had in 1987, and simply concluded that the newly submitted

evidence did not provide a new factual basis for the claim. It thus appears that the BVA may have treated the claim as having been reopened. Whether or not such was the Board's intent, we find upon review that the newly submitted evidence could not reasonably have changed the outcome with respect to the veteran's previously denied claims for service connection of the disabilities here at issue, and thus was not material. *See Colvin,* 1 Vet.App. at 174. Thus, even if the BVA improperly reopened the veteran's claim, the error was not legally significant and does not change the outcome. *See Thompson v. Derwinski,* 1 Vet. App. 251 (1991).

We further note that appellant has filed a motion to include certain specified documents in the record on appeal. Upon review of the documents attached to her motion, we find that each document was already part of the record designated by the Secretary. Accordingly, appellant's motion is denied as moot.

For the reasons stated, the April 9, 1990, decision of the Board of Veterans Appeals is AFFIRMED.