**Cludie S. BLOUNT, Appellant,**

v.

**Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.**

**No. 97–947.**

United States Court of Veterans Appeals.

Jan. 21, 1998.

---

Before NEBEKER, Chief Judge, and STEINBERG and GREENE, Judges.

## ORDER

PER CURIAM:

The appellant appeals a February 20, 1997, decision of the Board of Veterans' Appeals (BVA or Board) denying an earlier effective date for the award of dependency and indemnity compensation under 38 U.S.C. § 1318. On December 11, 1997, the appellant, through counsel, filed out-of-time a motion to supplement out-of-time the record on appeal (ROA) with a Veterans' Administration (now Department of Veterans Affairs (VA)) Form 21–6798d, dated January 10, 1968, and a VA rating sheet, dated June 9, 1942. The appel-

lant states that both documents are part of the veteran's claims file and that she first became aware of the possible relevance of the documents upon the filing of the Secretary's brief on November 28, 1997. The appellant advises the Court that counsel for the Secretary opposes the motion, but the Secretary has not filed an opposition. On January 7, 1998, the Court ordered oral argument in the case, and it is scheduled for January 27, 1998.

■ This Court is precluded by statute from including in the ROA any material that was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *see Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (review in Court shall be on record of proceedings before Secretary and Board). Where "relevant" documents relating to an appellant's claim were within the Secretary's control (for example, records generated by VA or communications received by it) prior to the BVA decision on appeal and could reasonably have been expected to be part of the record before the Secretary and the Board, such documents are "in contemplation of law" constructively part of the record of those proceedings. *Simington v. Brown*, 9 Vet.App. 334, 335 (1996) (per curiam order) (quoting *Bell v. Derwinski*, 2 Vet.App. 611, 612–13 (1992) (per curiam order)); *see also Hulsey v. Principi*, 3 Vet.App. 486, 487 (1992) (per curiam order). The Court thus holds that the two VA-generated, pre-BVA-decision records in question were, under *Simington* and *Bell*, both *supra*, constructively part of the record below in this case.

On consideration of the foregoing, it is

ORDERED that the appellant's motion to supplement the record with the two VA records is granted. It is further

ORDERED that the Secretary, within 5 days after the date of this order, file a Supplemental ROA containing certified copies of those VA records.