Thomas A. SIMS, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 97–1137.

United States Court of Veterans Appeals.

May 29, 1998.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

## ORDER

PER CURIAM:

On July 8, 1997, the appellant filed a Notice of Appeal from a March 24, 1997, decision of the Board of Veterans' Appeals (BVA or Board) which: (1) denied service connection for right elbow and shoulder disorders as secondary to right finger amputations and traumatic arthritis of the wrist; (2) declined to reopen a claim for service connection for hypertension; and (3) remanded claims for increased disability ratings. Following the Secretary's designation of the record, the appellant counter designated 44 documents. On February 26, 1998, the Secretary filed a motion to exclude 11 of the counter-designated documents, specifically items numbered 16 and 17, 34 through 36, and 39 through 44.

The documents at issue consist of the following: (1) VA medical records dated in 1977 (16–17); (2) statements from the appellant in support of his claims (39–42) and VA responses to congressional inquiries (43–44); and (3) VA-generated documents and a statement from the appellant relating to an eye condition (34–36). The Secretary, citing *Bell v. Derwinski*, 2 Vet.App. 611 (1992) (per curiam order), argues that documents 16 and 17 need not be included in the record on appeal (ROA) because they are not determinative of the claims on appeal. He argues that documents 39 through 44 should be excluded pursuant to 38 C.F.R. 20.1304(a) because they were not submitted to the Board within 90 days after the appeal was certified to the BVA. Finally, the Secretary states that documents 34 through 36 relating to the eye condition should be excluded because they are not relevant to the issues on appeal.

The governing statute relating to this Court's review of decisions of the BVA is 38 U.S.C. § 7252(b), which provides that "[r]eview in this Court shall be on the record of proceedings before the Secretary and the Board." In *Bell v. Derwinski*, this Court held:

> [W]here the documents proffered by the appellant are within the Secretary's control and could reasonably be expected to be a part of the record "before the Secretary and the Board," such documents are, in contemplation of law, before the Secretary and the Board and should be included in the record. If such material could be determinative of the claim and was not considered by the Board, a remand for readjudication would be in order.

*Bell*, 2 Vet.App. at 613. *Bell* clearly controls with respect to documents 16 and 17. Those documents dated in 1977 were generated by VA and thus were within the Secretary's control. They could also "reasonably be expected to be a part of the record of proceedings 'before the Secretary and the Board.'" *Id.* The Secretary's reliance on *Bell* for his argument that the documents are not deter-

minative of the claims and therefore need not be part of the ROA simply is misplaced. *Bell* states that such documents should be a part of the record and that *if* they are determinative of the claim, then a remand is required. *Bell* does not state that only records that are determinative of a claim are to be in the ROA before this Court.

■ The Secretary next argues that despite the Court's holding in *Bell*, documents 39 through 44 should be excluded pursuant to 38 C.F.R. § 20.1304(a), which provides that an appellant may submit additional evidence within 90 days after an appeal has been certified to the Board, but explicitly requires that such evidence "must be submitted directly to the Board and not to the [RO]." Documents 39 through 44 were submitted more than 90 days after the appellant's appeal was certified to the Board. Moreover, the evidence was submitted to the RO and not the Board as required by 38 C.F.R. § 20.1304(a). Thus, it would appear that the appellant did not follow the requirements set forth by the Board for submitting additional evidence after an appeal has been certified to the Board. However, pursuant to 38 C.F.R. § 19.37(b),

> [a]dditional evidence received by the [RO] after the records have been transferred to the Board of Veterans' Appeals for appellate consideration will be forwarded to the Board if it has a bearing on the appellate issue or issues. The Board will then determine what action is required with respect to the additional evidence.

In this case, the RO apparently held this evidence in a temporary file rather than forwarding it to the Board, as required by 38 C.F.R. § 19.37.

The aforementioned regulations create some confusion as to what to do with evidence that is submitted after an appeal has been certified to the Board. On the one hand, section 19.37(b) requires that such evidence, assuming it is relevant to the issue on appeal, be forwarded to the Board for the Board to "determine what action is required with respect to the additional evidence." 38 C.F.R. § 19.37(b). Thus, based on section 19.37(b), documents 39 through 44 "could reasonably be expected to be a part of the record 'before the Secretary and the Board.'" *See Bell, supra.* On the other hand, section 20.1304 states that only evidence submitted "directly to the Board and not to the [RO]" within 90 days of notice that the appeal has been certified to the Board will be considered by the Board in its adjudication. While the Board may accept additional evidence received after the expiration of the 90 days upon a showing by the appellant of good cause for the delay, the Board in this case was never able to make any determination as to good cause because the RO never forwarded this evidence to the Board as required by 38 C.F.R. § 19.37(b). The Court concludes that these regulatory provisions promulgated by the Secretary have created an ambiguity. Guided by *Brown v. Gardner,* 513 U.S. 115, 117–19, 115 S.Ct. 552, 555, 130 L.Ed.2d 462 (1994), the Court will resolve the ambiguity in the appellant's favor and allow documents 39 through 44 to be included in the ROA.

Finally, the Secretary argues that documents 34 through 36 are not relevant to this appeal and should be excluded. With respect to documents 34 and 35, it is not clear on the face of those documents whether they are related to any of the appellant's claims on appeal. Document 36 appears to relate only to an eye disorder claim which is not on appeal to this Court. Although the relevancy of these documents is not readily apparent at this stage, they were in the record before the Board and the Court will allow them to be included in the ROA.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is denied. The items counter designated by the appellant and opposed by the Secretary shall be included in the record on appeal. It is further

ORDERED that the Secretary, within 14 days after the date of this order, and pursuant to Rule 11 of this Court's Rules of Practice and Procedure, transmit to the Clerk and serve on the appellant the record on appeal.