Oscar A. GOODWIN, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 98–323.

United States Court of Veterans Appeals.

Oct. 9, 1998.

Before KRAMER, FARLEY, and HOLDAWAY, Judges.

**ORDER**

PER CURIAM:

On February 20, 1998, the appellant filed a Notice of Appeal from a December 23, 1997, decision of the Board of Veterans' Appeals (BVA or Board). On May 18, 1998, the Secretary filed a designation of the record on appeal (ROA). The appellant, on June 18, 1998, filed a counter designation of the record (CDR). The appellant's CDR included the following documents: (1) a letter from Howard H. Jarnagin, dated January 23, 1996 (item 1); (2) documents generated by VA, dated in 1995, relating to Mr. Jarnagin's claims for VA benefits (item 2); (3) a statement in support of claim from Mr. Jarnagin, dated January 20, 1996, relating to his claims for VA benefits (item 3); and (4) two copies of photographs (item 4). The Court's Central Legal Staff, on July 14, 1998, conducted a conference with the parties to discuss the content of the ROA. The Secretary was opposed to including the documents counter designated by the appellant, asserting that those documents could not be located in the appellant's claims file. During the conference, the appellant asserted that the counter-designated documents had been given to his

representative, the Paralyzed Veterans of America (PVA), to forward to VA.

On July 17, 1998, the Court ordered the appellant to submit any evidence that the disputed documents had been proffered to VA prior to the Board decision on appeal. On July 28, 1998, the appellant filed a response to the Court's order, attaching to his response, inter alia, a copy of a letter from the PVA, dated in February 1996, addressed to a VA regional office (RO), indicating that a January 23, 1996, lay statement from Howard Jarnagin (item 1) was being forwarded to the RO with regard to the appellant's claim. The letter contains no date stamp showing VA receipt, nor does the referenced lay statement. On August 24, 1998, the Court received the ROA.

■■■ This Court is precluded by statute from considering any material which was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990) (review in the Court shall be on the record of proceedings before the Secretary and the Board). However, in certain circumstances, records may be deemed to be constructively before the Board. *See Bell v. Derwinski,* 2 Vet.App. 611, 613 (1992) ("where the documents proffered by the appellant [in a counter designation of the record] are within the Secretary's control and could reasonably be expected to be a part of the record 'before the Secretary and the Board,' such documents are, in contemplation of law, before the Secretary and the Board and should be included in the record."). Specifically, the Court has held that

> [w]here "relevant" documents relating to an appellant's claim were within the Secretary's control (for example, records generated by VA or communications received by it) prior to the BVA decision on appeal and could reasonably have been expected to be part of the record before the Secretary and the Board, such documents are "in contemplation of law" constructively part of the record of those proceedings.

*Blount v. West,* 11 Vet.App. 32, 33 (1998) (citing *Simington v. Brown,* 9 Vet.App. 334, 335 (1996)); *see also Bowey v. West,* 11 Vet.

App. 106, 108 (1998); *Bell, supra.* For the reasons that follow, the Court holds, with respect to items 1, 2, and 3, that the documents at issue were not actually or constructively part of the record before the Secretary and the Board.

■■■ With regard to items 1 and 3, the appellant has not submitted any evidence to show that these non-VA-generated documents were received by the Secretary prior to the Board decision on appeal. *See Blount, supra.* As to item 1, a copy of a letter from the appellant's representative, which states that the document was being submitted to the RO, is not alone sufficient evidence to demonstrate that the document was received by VA. *Cf. Simington, supra* (if appellant could corroborate that documents were, at any time, in Secretary's possession, rebuttable presumption would arise that disputed evidence was "'within the control of the Secretary'" and should be included in record on appeal). With regard to item 2, the appellant has not submitted any evidence that he proffered the documents to VA prior to the Board decision on appeal. Furthermore, although the item 2 documents were generated by VA and are dated prior to the Board decision on appeal, the Court holds that these documents, which relate to claims for VA benefits for an individual other than the appellant and which were not submitted to VA with regard to the appellant's claim, could not "reasonably be expected to be a part of the record 'before the Secretary and the Board.'" *See Bell, supra; see also Bowey,* 11 Vet.App. at 109 (holding that disputed document could not reasonably be expected to be part of record before Secretary and Board because "the connection to the appellant's case [was] too tenuous"). With regard to item 4, copies of the photographs are presently contained in the ROA. Record at 504–05; *see De Perez v. Derwinski,* 2 Vet. App. 85, 88 (1992) (denying as moot appellant's motion to include documents in record on appeal because documents were already contained in record designated by Secretary).

On consideration of the foregoing, it is

ORDERED that the documents counter designated by the appellant and opposed by

the Secretary will not be included in the ROA. It is further

ORDERED that the Clerk will file the ROA as of the date of this order. It is further

ORDERED that the appellant, within 30 days after the date of this order, file with the Clerk and serve on the Secretary the appellant's brief. The appellant may use the informal brief form accompanying this order. It is further

ORDERED that the case be returned to the screening judge for further consideration in accordance with Court practice under its Rules of Practice and Procedure.