# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1559

LARRY J. URQUHART,                                              APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,                                  APPELLEE.

Before HAGEL, LANCE, and DAVIS, *Judges*.

## O R D E R

This matter is before us on the "Appellee's Motion to Strike Counter-Designated Documents Pursuant to [Rule 10 of this Court's Rules of Practice and Procedure]." The Board of Veterans' Appeals (Board) decision in this case, which denied service connection for a left-knee condition, is date-stamped June 21, 2004. On the same day, a VA regional office (RO) received a favorable medical nexus opinion from the appellant as an attachment to a letter from the appellant's attorney. The issue presented is whether a document that arrives at an RO on the same date that the Board decision is mailed is constructively "before the Board" as contemplated by 38 U.S.C. § 7252(b), and, therefore, a permissible part of the record under Rule 10.

Our jurisdiction is limited to "the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b). This limitation is implemented through Rule 10, which directs the parties to designate for inclusion in the record on appeal "all material in the record of proceedings before the Secretary and the Board that was relied upon by the Board in ruling against the appellant." U.S. VET. APP. R. 10(a). Actual reliance on the evidence by the Board is not strictly required. In *Bell v. Derwinski*, this Court held:

> [W]here the documents proffered by the appellant are within the Secretary's control and could reasonably be expected to be a part of the record "before the Secretary and the Board," such documents are, in contemplation of law, before the Secretary and the Board and should be included in the record. If such material could be determinative of the claim and was not considered by the Board, a remand for readjudication would be in order.

2 Vet.App. 611, 613 (1992).

1

In determining whether material controlled by the Secretary could reasonably be expected to be a part of the record before the Secretary and the Board, this Court recognizes that the Secretary has promulgated regulations stating when the record before the Board becomes final. Additional evidence may be submitted within "90 days following the mailing of notice to [the appellant and his or her representative] that an appeal has been certified to the Board for appellate review . . . or until the date the appellate decision is promulgated by the Board . . . , whichever comes first." 38 C.F.R. § 20.1304(a) (2004). In this case, the evidence arrived at the RO within the relevant 90-day period. However, the date it arrived is also the date stamped on the Board decision.

The appellant makes two alternative arguments in opposition to the Secretary's motion to strike the counterdesignated document. He argues that § 20.1304(a) has been trumped by the subsequent enactment of 38 U.S.C. § 5103(b), which gives claimants one full year to submit additional evidence after receiving the notice required by section 5103(a). In this case, the relevant letter is dated September 8, 2003, less than a year before the June 21, 2004, decision. He also argues that his submission was timely under 38 C.F.R. § 20.1304(a) and our decisions in *Sims v. West*, 11 Vet.App. 237 (1998), and *Losh v. Brown*, 6 Vet.App. 87 (1993).

As to the first argument, the Court notes that the time limit set forth in section 5103(b) explicitly states that the evidence needed to substantiate a claim must be received within one year from the date of the Secretary's notification in order for benefits to be paid on the relevant claim. The statute does not address whether such evidence would be before the Board on appeal nor does it require the Board to wait until the year has expired before adjudicating an appeal. The appellant's construction could lead to absurd results, and accepting his interpretation may permit a situation where evidence that did not even exist at the time of the Board decision may be considered constructively before the Board. For example, if the Board decision occurred less than a year after the section 5103(a) notice was provided (as in this case), then new evidence, such as a medical opinion, could be created after the issuance of the Board decision and if submitted, would then be considered part of the record deemed considered by the Board. If a prompt Notice of Appeal was filed, such evidence could even postdate the vesting of jurisdiction with this Court. In *Bell*, we held that documents that were "*within the Secretary's control* and [that] could reasonably be expected to be a part of the record" were constructively before the Board. 2 Vet.App. at 613 (emphasis added). The appellant's suggestion that evidence was constructively before the Board even though it did not exist at the time of the Board decision would seriously undermine our limited jurisdiction to review "the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *see Rogozinski v. Derwinski*, 1 Vet.App. 19, 20 (1990) (holding that "we must reject" a counterdesignation of records not before the Board because of our jurisdictional limitation). This is not to say that such evidence does not relate back to the original claim for purposes of determining the effective date of an award of benefits based on that evidence. However, we decline to read section 5103(b) as allowing us to consider evidence that was created after the Board decision on review and possibly even after jurisdiction vested with this Court.

As to his second argument, to prevail, the appellant must show that the evidence he submitted was received in a timely manner under 38 C.F.R. § 20.1304. Initially, we note that the fact that the

evidence was received by the RO instead of the Board is irrelevant. In *Sims*, we held that because of the ambiguity created by the conflict between 38 C.F.R. § 19.37(b) (2004) and 38 C.F.R. § 20.1304, "the Court will resolve the ambiguity in the appellant's favor," and we included evidence in the record that was submitted to the RO after the appeal had been certified to the Board. 11 Vet.App. at 239. The Secretary attempts to distinguish *Sims* on the grounds that the RO in that case improperly failed to forward the documents, and in this case, the RO did not similarly withhold documents. Secretary's Motion (Mot.) at 3. However, the rationale of *Sims* was that the language of the two regulations created an ambiguity. 11 Vet.App. at 239. Although the withholding of documents was noted, it was not the basis of the decision. In the seven years since our ruling in *Sims*, the Secretary has not altered either regulation to resolve the ambiguity, so *Sims* remains controlling, meaning evidence received by the RO at any time on or before the date of the Board's decision is effectively deemed received by the Board. *Id*.

Accordingly, the only issue is whether evidence that arrives on the same date as the mailing date (and within the 90-day window) is before the Board. Under § 20.1304, the claimant may submit new evidence "until" the Board promulgates its decision. Under *Losh*, days are indivisible; procedural events occurring on the same day are simultaneous; and we will not engage in factfinding to determine which event occurred first. 6 Vet.App. at 89. The Secretary argues that under the holding in *Losh* "the documents were not a part of [the a]ppellant's claims folder at the time of the BVA decision." Secretary's Mot. at 2. However, the Secretary's assertion is unavailing. Under *Losh*, because procedural events are deemed to have occurred simultaneously, it can equally be said that the decision had not yet issued when the documents were received. At best, the use of the word "until" is ambiguous as applied to evidence received simultaneously with the issuance of a Board decision. As in *Sims*, here "the Court will resolve ambiguity in the appellant's favor." 11 Vet.App. at 239.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion is DENIED. The items counterdesignated by the appellant and opposed by the Secretary shall be included in the record on appeal. It is further

ORDERED that the Secretary, within 14 days after the date of this order, and pursuant to Rule 11 of this Court's Rules of Practice and Procedure, transmit to the Clerk and serve on the appellant the record on appeal. It is further

ORDERED that the appeal is returned to a single judge for disposition.

DATED:     August 30, 2005                              PER CURIAM.