NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOE L. MONZINGO,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7061

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-922, Chief Judge Bruce E. Kasold.

---

Decided: June 13, 2014

---

DIANE B. KADLEC, Law Office of Diane B. Kadlec, of Valley Steam, New York, argued for claimant-appellant.

DOMENIQUE G. KIRCHNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel

on the brief were DAVID J. BARRANS, Deputy Assistant
General Counsel, and RACHAEL T. BRANT, Attorney,
United States Department of Veterans Affairs, of Washington, DC.

_____

Before PROST,[*] *Chief Judge*, LOURIE and LINN, *Circuit
Judges*.

LOURIE, *Circuit Judge*.

Joe L. Monzingo ("Monzingo") appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying Monzingo's claim for benefits after finding that he was not entitled to service connection for bilateral hearing loss. *See Monzingo v. Shinseki*, 26 Vet. App. 97 (2012). The Veterans Court held that the Board did not err in (1) not addressing evidence submitted by Monzingo because it was not constructively before the Board; (2) not taking judicial notice of the findings indicated by that evidence; and (3) finding a U.S. Department of Veterans Affairs ("VA") medical opinion adequate and relying on that document in denying Monzingo's claim. *Id.* at 102–08. Although Monzingo frames the issues on appeal as whether the Veterans Court erred in the interpretation of the law of constructive notice and the interpretation of its own rules, in effect he disagrees with the Veterans Court's application of the law to the facts of his case. Accordingly, we dismiss for lack of jurisdiction.

BACKGROUND

Monzingo served in the Army from October 1966 to October 1968. His induction examination indicated that

_____

[*]    Sharon Prost assumed the position of Chief Judge on May 31, 2014.

he suffered from noise-notch hearing loss in his right ear. *Id.* at 99.  During his service, Monzingo was exposed to noise from weapons fire and jet engines, which he claimed caused tinnitus.  His separation examination in August 1968 indicated that the hearing in his right ear had improved slightly; the hearing in his left ear was normal and unchanged. *Id.*

Monzingo filed a claim for disability compensation for tinnitus in his right ear, which the VA Regional Office ("RO") granted in June 1984 at a 10% rating (the maximum available), and for bilateral hearing loss, which the RO denied.  Joint Appendix ("J.A.") 60; *Monzingo*, 26 Vet. App. at 99.  That decision was not appealed and became final. *Id.*

In September 2000, a VA evaluation revealed that Monzingo suffered from bilateral sensorineural hearing loss secondary to noise exposure while in the military. *See In re Monzingo*, No. 08-19 467, slip op. at 7 (B.V.A. Feb. 25, 2010).  In June 2007, Monzingo filed a claim seeking a higher rating than the 10% rating, which was denied. *Monzingo*, 26 Vet. App. at 99.  In 2008, as a result of his claim for a higher rating, Monzingo received a VA audiological examination, which diagnosed him with bilateral hearing loss but found that his left ear hearing loss was not "caused by or a result of acoustic trauma in service," and his right ear hearing loss was not "aggravated by acoustic trauma in service." *Id.*  Monzingo filed a notice of disagreement, which was denied in May 2008.

Monzingo appealed to the Board, which found that the 2000 VA evaluation satisfied the requirements for new and material evidence sufficient to reopen his original 1984 claim.  However, the Board denied Monzingo service connection because his claim lacked competent evidence to indicate a nexus between the disability and noise exposure during his service. Specifically, the Board noted that (1) the 2000 VA evaluation did not discuss Monzin-

go's pre-existing hearing loss in his right ear and did not address whether it was aggravated by his service; (2) the 2008 VA examination found that Monzingo's left ear hearing loss was not aggravated by acoustic trauma in service; and (3) Monzingo's hearing improved between his induction and separation examinations. *Id.* at 100. Monzingo appealed to the Veterans Court.

On appeal, Monzingo argued that (1) the Board provided inadequate reasons for denying the appeal and that two reports published with some VA involvement, *viz.*, a 2006 report entitled *Noise and Military Service* and a 1982 report entitled *Tinnitus: Facts, Theories, and Treatments* ("*Tinnitus*"), should have been deemed constructively part of the record; (2) the Board relied on an inadequate medical report; and (3) the Board erred in finding that his hearing had improved during his service.

In August 2011, Monzingo filed a motion to append a pre-publication version of *Noise and Military Service* to his reply brief. On October 31, 2012, Monzingo also moved the court to take judicial notice of a 1995 memorandum from the Undersecretary of the Veterans Benefits Administration (the "Kizer Memo"). Monzingo was subsequently informed by the clerk's office at the Veterans Court that his October 2012 motion was filed without a signature. Because of Hurricane Sandy, however, counsel for Monzingo was without electrical power until November 3. Monzingo did not file a corrected version of the October 2012 motion, and both it and the August 2011 motion were denied without comment on November 7. J.A. 68, 96.

Later that month, a three-judge panel[1] of the Veterans Court affirmed the Board's denial of service connec-

---

[1] The three-judge panel was convened to clarify the law on constructive possession. *Monzingo*, 26 Vet. App. at

tion for bilateral sensorineural hearing loss. *Monzingo*, 26 Vet. App. at 99. The Veterans Court reviewed the law of constructive possession, concluding that the general rule that constructive possession attaches in circumstances in which "documents proffered by the appellant are within the Secretary's control and could reasonably be expected to be part of the record before the Secretary and Board" had been refined by two later cases. *Id.* at 101–02. The Veterans Court noted in *Bowey v. West*, 11 Vet. App. 106 (1998), that documents would not be constructively possessed if "the connection [of those documents] to the appellant's case [was] too tenuous." *Monzingo*, 26 Vet. App. at 102 (quoting *Bowey*, 11 Vet. App. at 109). Additionally, the Veterans Court held in *Goodwin v. West*, 11. Vet. App. 494 (1998), that a document generated by VA would not be considered by the board "unless the document has a direct relationship to the claimant's appeal," reasoning that to hold otherwise would "place[] an impossible burden on the Board . . . ." *Monzingo*, 26 Vet. App. at 102.

Applying that law to the facts of Monzingo's case, the Veterans Court found that the proffered reports did not meet the test for constructive possession because the relationship between the reports and Monzingo was too tenuous. *Id.* at 102–03. *Noise and Military Service* was deemed not constructively before the Board because the report contained findings that were "those of the author(s) and [did] not necessarily reflect the view of the organizations or agencies that provided support for the project,"

---

99 ("Underlying Mr. Monzingo's first argument is a contention that two reports published with partial VA involvement should be deemed constructively part of the record before the Board, a question that prompted the convening of a panel to decide this appeal.") (citations removed).

and was not specific to Monzingo and was not related to the same disability he was claiming. *Id.* *Tinnitus* was deemed not constructively possessed by the Board because the report was drafted by a committee that had only one VA employee, and bore no relationship to Monzingo's claim other than a general discussion of tinnitus and hearing loss. *Id.* at 103.

After finding that those reports were not constructively possessed by the Board, the Veterans Court took judicial notice of some aspects of *Noise and Military Service*, including that the VA had received a copy of the document, but would not take notice of the findings and conclusions of the report. *Id.* at 103–04. The Veterans Court also found that the 2008 VA medical examination, upon which the Board based its decision denying Monzingo service connection, was adequate and that the Board did not err in indicating that Monzingo's hearing had improved during his service. *Id.* at 105–08.

Monzingo timely appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Under § 7292(d)(2), however, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

Monzingo's main argument is that the Veterans Court erred in denying his motions to append the pre-publication version of *Noise and Military Service* and to

take judicial notice of the Kizer Memo because the rules of the Veterans Court are inconsistent with the Federal Rules of Civil Procedure ("FRCP") and the Federal Rules of Appellate Procedure ("FRAP"), which Monzingo alleges violate both the Rules Enabling Act and his due process rights. Monzingo argues that the Veterans Court further erred by not providing more time to file a corrected motion to take judicial notice of the Kizer Memo in light of the challenges presented to Monzingo's counsel during Hurricane Sandy. Monzingo also contends that the Veterans Court should have taken judicial notice of more aspects of *Noise and Military Service* and *Tinnitus* because the VA participated in the research and publication of those reports, thus allegedly giving it knowledge of the contents of those reports. Finally, Monzingo argues that this court should have *sua sponte* issued an order extending time for all practitioners at courts under our jurisdiction that were affected by Hurricane Sandy.

The Secretary responds that the review of the Veterans Court's denial of Monzingo's motions involves an application of the Veterans Court's rules to the facts of Monzingo's case, beyond the scope of our jurisdiction. Additionally, the Secretary argues that we likewise do not possess jurisdiction to review the Veterans Court's denial of more extensive judicial notice for the contents of *Noise and Military Service* and *Tinnitus* because doing so would involve an application of law to the facts of Monzingo's case. Finally, the Secretary asserts that this court does not possess jurisdiction to determine whether we should have issued an order extending filing times due to Hurricane Sandy.

We agree with the Secretary that we lack jurisdiction to review the Veterans Court's denial of Monzingo's motions because doing so requires reviewing the court's application of law to the facts of Monzingo's case, specifically, application of the court's rules of procedure. Moreover, an issue that would otherwise be within our

jurisdiction must be one upon which the Veterans Court relied in making its decision. *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000). Here, the Veterans Court's decision denying Monzingo service connection for bilateral hearing loss did not rely on its denial of Monzingo's motions.

Monzingo's argument relating to the Rules Enabling Act is also unavailing. The Rules Enabling Act grants the Supreme Court power to "prescribe general rules of practice and procedure and rules of evidence for cases in the United States *district courts* . . . and *courts of appeals*." 28 U.S.C. § 2072 (emphases added). The Veterans Court is neither a federal district court nor a federal court of appeals and it is granted the ability to prescribe its own rules of practice and procedure. *See* 38 U.S.C. § 7264. The Veterans Court's rules are thus not covered by the Rules Enabling Act. *Cf. Checo v. Shinseki*, No. 2013-7059, 2014 WL 1613885, at *3 (Fed. Cir. Apr. 23, 2014) ("[T]he Federal Rules of Civil Procedure do not apply to the appellate Veterans Court.").

Monzingo's contention that the Veterans Court should have taken judicial notice of more aspects of *Noise and Military Service* and *Tinnitus* similarly challenges the Veterans Court's application of the law to the facts of the case. In arguing that the VA had knowledge of the contents of those reports because the agency participated in the research and publication of the documents, Monzingo is essentially challenging the Veterans Court's application of the law of constructive possession to the facts of his case. The Veterans Court found that the VA did not have constructive possession of those documents, in part, because the agency had a limited involvement in the research and publication of those reports. In arguing on appeal that the VA participated in the publication and research of the documents, Monzingo is simply reiterating the arguments that were rejected when the Veterans

Court found those documents not constructively possessed, review of which is outside of our jurisdiction.

In addition to having determined that we do not possess jurisdiction to review the denial of Monzingo's motions, we do not have authority to *sua sponte* extend the filing times for litigants in courts whose decisions we review. Finally, we note that Monzingo's constitutional argument does not provide an adequate explanation of how the application of the Veterans Court's rules to Monzingo's case violated his due process rights. Without an explanation providing an adequate basis for his claim, it is a constitutional claim in name only and outside of our jurisdiction relating only to application of law to fact. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (finding invocation of a constitutional label does not establish jurisdiction).

We have considered Monzingo's remaining arguments and conclude that they are without merit and do not support jurisdiction. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

## DISMISSED