# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 19-0865

LEWIS R. PAGE,                                                          APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.

Before PIETSCH, MEREDITH, and FALVEY, *Judges*.

## O R D E R

The appellant, Lewis R. Page, through counsel appeals an October 22, 2018, Board of Veterans' Appeals (Board) decision denying a disability rating in excess of 70% for post-traumatic stress disorder (PTSD). Pending before the Court are the following motions: (1) the Secretary's November 27, 2019, opposed motion to amend the record before the agency (RBA) to include documents that had been uploaded to the Veterans Health Information Systems and Technology Architecture (VistA) Imaging system in May 2018; (2) the appellant's February 6, 2020, opposed motion to strike portions of the Secretary's brief referencing the 2018 VistA Imaging documents; and (3) the Secretary's July 20, 2021, opposed motion for leave to modify the November 2019 motion to amend the RBA to also request leave to include in the RBA documents that had been uploaded to the VistA Imaging system in January 2015.

On April 2, 2020, this matter was referred to a panel of the Court to determine whether the Secretary should amend the RBA to include records that were constructively before the Board and, if so, whether the Court may review them in the first instance to assess whether any alleged duty to assist error based on the Board's failure to associate those records with the claims file was prejudicial. The Court subsequently granted the Secretary's unopposed motion to stay proceedings pending the United States Court of Appeals for the Federal Circuit's (Federal Circuit's) final disposition in *Euzebio v. McDonough* (*Euzebio II*), 989 F.3d 1305 (Fed. Cir. 2021), *vacating, remanding Euzebio v. Wilkie* (*Euzebio I*), 31 Vet.App. 394 (2019). *See* Aug. 7, 2020, Unpublished Order (per curiam). After the Federal Circuit issued *Euzebio II*, the Court held oral argument in this case on July 27, 2021. For the following reasons, the Court concludes that, where a party before the Court proffers for inclusion in the RBA records that were constructively before the Board at the time of the decision on appeal, those records should be included in the RBA.[1]

---

[1] The merits of this case will be decided separately in due course.

## A. The Parties' Arguments[2]

In his opening brief, the appellant argues that there are references in the record of proceedings (ROP) to fee-basis treatment records that had been scanned into VistA, but because VistA records are not automatically included in the claims file, those records were "not before the Board as required." Appellant's Brief (Br.) at 5. He avers that, regardless of the relevance of those records, the Board should have remanded his claim, pursuant to its duty to assist, in order to obtain them. *Id.*

Prior to filing his responsive brief, the Secretary filed the November 2019 motion to amend the RBA, in which he seeks leave to include in the RBA the fee-basis records that had been scanned into VistA in 2018, and he attached to his motion copies of those records. Secretary's Nov. 27, 2019, Motion; Exhibit A. In support of his motion, the Secretary states that, after he served on the appellant a copy of the RBA, he "became aware that the RBA contains references to 'fee basis' treatment records that were received and scanned by VA, and predated the Board's decision on appeal, but do not appear in the RBA." *Id.* at 1. Relying on *Bell v. Derwinski*, 2 Vet.App. 611, 613 (1992) (per curiam order), 38 U.S.C. § 7261(b), and this Court's Rules of Practice and Procedure (Rules), the Secretary asserts that the VistA Imaging documents were constructively before the Board and, therefore, "are properly a part of the RBA" in order to ensure that the Court has "a complete record before it." Secretary's Nov. 27, 2019, Motion at 2-3.

In his merits brief, the Secretary then avers that, if the Court grants the motion to amend, "the Court will see that the treatment records [are] not pertinent to the claim before the Board," as the disputed records "present no pertinent information regarding [the appellant's] service-connected PTSD." Secretary's Br. at 11-13. The Secretary concludes that, "with the benefit of having been provided a copy of the [disputed] records that were within VA's possession, there can be no doubt that remand for it to be added to the claims file would be futile." *Id.* at 13-14.

Next, the appellant filed an opposition to the Secretary's motion to amend, countering that *Bell* does not require "that certain records constructively within the Secretary's knowledge must be made part of the record *before this Court*." Appellant's Dec. 11, 2019, Response at 1 (emphasis in original). Specifically, he contends that, where the Board has actual notice of the existence of records missing from the claims file, the Board errs in not obtaining and reviewing those records, and the Court *must* remand for the Board to do so. *Id.* at 2 (citing *Murincsak v. Derwinski*, 2 Vet.App. 363, 373 (1992)). This is so, he contends, because the Federal Circuit has made clear that this Court's review "'is limited to the record developed before the [regional office] and the Board,'" and the Court is "'prohibit[ed] . . . from making factual findings in the first instance.'" *Id.* at 3 (quoting *Kyhn v. Shinseki*, 716 F.3d 572, 575 (Fed. Cir. 2013)). He concludes that, after *Kyhn*, this Court's *Bell* decision "cannot mean that the Secretary can cure the Board's failure to satisfy its statutory duty to assist by presenting the Court [with] extra-record evidence." *Id.* at 4.

The appellant also filed a reply brief in which he argues that it "is always a duty to assist error when the Board fails to obtain VA medical records or records of treatment authorized by

---

[2] Although the Court is today addressing only the three pending motions, the parties' arguments as to both the motions and the merits are set forth in order to provide context for the current dispute.

VA," without the need to show that the records were relevant. Reply Br. at 5-6. Further, he maintains that the records the Secretary submitted to the Court are unintelligible and that they are incomplete because they do not include VistA records from January 2015. *Id.* at 7. Additionally, the appellant filed the February 2020 motion to strike from the Secretary's brief "all references to the content of the documents he filed with his Motion to Amend the RBA." Appellant's Motion to Strike at 5.

The Secretary opposed the motion to strike, noting that the appellant does not dispute that the VistA records were constructively of record, and arguing that *Bell* explicitly requires that records constructively before the Board be made part of the record before the Court. Secretary's Feb. 20, 2020, Response at 2-3. He continues to assert that remand for the Board to associate the records with the claims file is only required where the documents are relevant. *Id.* at 3-6. The Secretary further disputes the appellant's reliance on *Kyhn*, noting that that case involved records created after the Board decision on appeal, and were thus *not* before the Board, whereas the records at issue in this case were in VA's possession prior to the Board decision. *Id.* at 6.

Thereafter, the parties filed citations to supplemental authority pursuant to Rule 30(b). Specifically, the appellant advised the Court that the Federal Circuit's recent decision in *Tadlock v. McDonough*, 5 F.4th 1327 (Fed. Cir. 2021), is pertinent to his arguments that "the Court cannot determine in the first instance whether VA treatment records never reviewed by the Board warrant a change in the outcome of an appeal." Appellant's July 16, 2021, Citation of Supplemental Authority at 1. The Secretary, on the other hand, informed the Court that the Federal Circuit's opinion in *Euzebio II* "discussed the Court's authority to review extra-record evidence in the first instance." Secretary's July 19, 2021, Citation of Supplemental Authority at 1.

Finally, the Secretary filed the July 2021 motion in which he seeks to modify his November 2019 motion so as to also request leave to include in the RBA the January 2015 VistA records referenced in the appellant's reply brief. Secretary's July 20, 2021, Motion at 1. Those records are attached to the Secretary's motion. Attachment at 1-21. The appellant, for reasons outlined in his prior pleadings, opposes that motion. Appellant's Aug. 8, 2021, Response at 1.

Following receipt of the parties' merits pleadings, as well as the three pending motions and responses, the Court held oral argument on July 27, 2021. At oral argument, the appellant acknowledged that the disputed VistA Imaging documents were constructively before the Board. Oral Argument (OA) at 21:17-45, http://www.uscourts.cavc.gov/oral_arguments_audio.php. However, he continued to assert that the documents cannot be included in the record before this Court. OA at 27:12-29:02.[3]

---

[3] At oral argument, counsel for the appellant asserted for the first time that amending the RBA to include the VistA Imaging documents is unfair because the Secretary intentionally withheld those records from the Board. OA at 1:33-58, 43:15-25. The appellant's counsel, however, did not offer any legal authority or record citations to support his implication that the Court should find improper conduct on the part of the Secretary. *See Coker v. Nicholson*, 19 Vet.App. 439, 442 (2006) (per curiam) ("The Court requires that an appellant plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments."), *vacated on other grounds sub nom. Coker v. Peake*, 310 F. App'x 371 (Fed. Cir. 2008) (per curiam order); *see also Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (Court unable to find error when arguments are undeveloped). And in any event, the Court has consistently discouraged parties from raising new arguments after the initial briefing. *See Carbino*

3

## B. Law

Pursuant to statute, "[r]eview in the Court shall be on the record of proceedings before the Secretary and the Board" and "[i]n no event shall findings of fact made by the Secretary or the Board . . . be subject to trial de novo by the Court." 38 U.S.C. §§ 7252(b), 7261(c); *see Rogozinski v. Derwinski*, 1 Vet.App. 19, 20 (1990). The Court's Rules, in turn, provide that the RBA must include "all materials that were contained in the claims file on the date the Board issued the decision from which the appeal was taken" and "any other material from the record before the Secretary and the Board relevant to the Board decision on appeal." U.S. VET. APP. R. 10(a)(1), (2).

In *Bell*, the Court addressed a dispute about "the content of the record on appeal"[4] that arose when the appellant sought to include copies of documents that were not contained in her VA claims file but had been generated by or submitted to VA prior to the Board decision on appeal. 2 Vet.App. at 612-13. The Court ultimately held that, where there is a dispute as to the content of the record and the documents proffered by the appellant were "within the Secretary's control and could reasonably be expected to be a part of the record," those records were "in contemplation of law, before the Secretary and the Board and should be included in the record." *Id.* at 613.

As pertinent to the arguments on appeal, the Federal Circuit in *Kyhn* subsequently addressed whether this Court erred in relying on affidavits generated after the Board decision on appeal to conclude that the presumption of regularity should be applied. 716 F.3d at 574. There, the Federal Circuit concluded that, because that evidence was not "in the record before the Board," it was "in contravention of the jurisdictional requirement that '[r]eview in the [Veterans] Court shall be on the record of proceedings before the Secretary and the Board.'" *Id.* at 575-76 (quoting 38 U.S.C. § 7252(b)). Additionally, the Federal Circuit determined that this Court had "erred by relying on the extra-record evidence to make a finding of fact in the first instance." *Id.* at 577.

More recently, the Federal Circuit reaffirmed the propriety of the constructive possession doctrine, albeit not in the context of a record dispute. *Euzebio II*, 989 F.3d at 1318-26. Specifically, the Federal Circuit explained that this "Court may, under certain circumstances, consider 'documents that were not literally before an [adjudicator] to be constructively part of a claimant's record.'" *Id.* at 1318 (quoting *Lang v. Wilkie*, 971 F.3d 1348, 1352-53 (Fed. Cir. 2020)). The Federal Circuit concluded that "[t]he correct standard for constructive possession, as articulated in

---

*v. Gober*, 10 Vet.App. 507, 511 (1997) (declining to review argument first raised in appellant's reply brief), *aff'd sub nom. Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("[I]mproper or late presentation of an issue or argument . . . ordinarily should not be considered."); *see also Untalan v. Nicholson*, 20 Vet.App. 467, 471 (2006); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990). Unlike other cases in which the Court has exercised its discretion to hear late-raised arguments, *see, e.g.*, *Crumlich v. Wilkie*, 31 Vet.App. 194, 202 (2019) (addressing a late-raised argument where "the Court was presented with a compelling allegation that the regulation VA ask[ed the Court] to apply conflict[ed] with the appellant's statutory rights and the Secretary's concessions appeared to confirm that allegation," and the Court thereafter obtained a written response from the Secretary), we decline to do so under the circumstances here.

[4] At the time of *Bell*, the Court's Rules required the Secretary to file with the Court and serve on the appellant a record on appeal (ROA) consisting of "a designation of all material in the record of proceedings before the Secretary and the Board which the Secretary considers relevant to the appeal." U.S. VET. APP. R. 10(a)-(b) (effective to Mar. 31, 2008). The appellant was then afforded an opportunity to counter-designate "any additional material before the Secretary and the Board which the appellant considers relevant to the appeal." *Id.*

4

*Bell* and later *Lang*, . . . is relevance and reasonableness." *Id.* at 1321. The Federal Circuit also noted that *Kyhn* does not "preclud[e] all consideration of 'extra[-]record evidence' in the course of [this Court's] review of Board decisions." *Id.* at 1323 (quoting *Euzebio I*, 31 Vet.App. at 400). The Federal Circuit explained that the prohibition against this Court finding facts "does not . . . preclude the Veterans Court from taking judicial notice of extra-record evidence . . . or in accordance with and in furtherance of its review of Board and VA decisions." *Id.* at 1323.

Finally, section 7261 provides that "the Court shall review the record of proceedings before the Secretary and the Board" and shall "take due account of the rule of prejudicial error." 38 U.S.C. § 7261(b)(2). The Supreme Court has held that the harmless-error analysis applies to the Court's review of Board decisions. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). The Federal Circuit recently addressed "to what extent [this Court] may make findings of fact in the course of considering whether an error of the Board . . . was prejudicial," *Tadlock*, 5 F.4th at 1330, and held that "[section] 7261(b)'s command that the Veterans Court 'give due account of the rule of prejudicial error' does not give it the right to make de novo findings of fact or otherwise resolve matters that are open to debate," *id.* at 1337.

## C. Discussion

Given the parties' arguments, resolving whether the documents at issue should be included in the record for purposes of proceedings before the Court requires the Court to address (1) whether the Court's constructive possession caselaw contemplates that documents proferred in the context of a record dispute should be included in the RBA if they were constructively in the record before the Board, and (2) if so, whether that caselaw has been abrogated by Federal Circuit precedents addressing limits on the Court's authority to review extrarecord evidence and resolve findings of fact in the first instance.

### 1. Constructive Possession Doctrine

As an initial matter, the Court stresses that it is undisputed that the VistA Imaging documents at issue here were constructively before the Board. OA at 21:17-45; Secretary's Nov. 27, 2019, Motion at 2-3. The appellant nevertheless avers that the constructive possession doctrine established in *Bell* does not require "that certain records constructively within the Secretary's knowledge must be made part of the record *before this Court*." Appellant's Dec. 11, 2019, Response at 1 (emphasis in original).

However, that is in part the relief that *Bell* provided. As outlined above, *Bell* resolved "a dispute as to the content of the [ROA]." 2 Vet.App. at 612. Specifically, the Court held that certain items not actually contained in the record of proceedings before the Board were nonetheless "available to the [Board] as part of . . . records maintained by the VA," such that they were part of the record "before the Secretary and the Board" pursuant to section 7252(b). *Id.* at 612, 613. The Court concluded that, because the proffered documents were "within the Secretary's control and could reasonably be expected to be a part of the record 'before the Secretary and the Board,' such documents . . . should be included in the [ROA]." *Id.* at 613. Since then, the Court has issued numerous decisions applying *Bell* in resolving disputes as to the content of the record for purposes of proceedings before this Court. *See, e.g.*, *Blount v. West*, 11 Vet.App. 32, 33 (1998) (per curiam

order) (granting the appellant's motion to supplement the ROA with "two VA-generated, pre-[Board]-decision records"); *Simington v. Brown*, 9 Vet.App. 334, 335 (1996) (per curiam order) (addressing the Secretary's opposition to including in the ROA certain records proffered by the appellant and noting that the relevant documents should be "included in the ROA if they were in the Secretary's 'control' so as to charge him with either actual or constructive knowledge").

The appellant essentially contends that, rather than follow that caselaw, the Court should conclude that the Board's failure to obtain and consider the VistA Imaging records constitutes a violation of the duty to assist and that such an error cannot be cured or shown to be harmless by the Secretary's proffer of the extrarecord evidence. Appellant's Dec. 11, 2019, Response at 2-4; Appellant's Feb. 6, 2020, Motion at 2-5. In that regard, he contends that *Murincsak* supports the notion that, if the Board had *actual* notice of unobtained records, the appropriate recourse is to remand pursuant to the duty to assist rather than to include the records in the RBA pursuant to the constructive possession doctrine. Appellant's Dec. 11, 2019, Response at 2.

The Court is not persuaded that the instant record dispute is controlled by caselaw concerning the duty to assist. As for *Murincsak*, which was issued prior to *Bell*, the Court addressed on the merits whether VA violated the duty to assist by failing to obtain VA medical records of ongoing treatment. *Murincsak*, 2 Vet.App. at 372. In responding to the Secretary's argument that the duty to assist requires obtaining VA medical records only if VA personnel "have been informed of the existence and relevance" of those records, *id.*, the Court concluded that the Board "had actual notice of the possible existence and relevance of the veteran's ongoing treatment . . . sufficient to trigger the duty to assist . . . by acquiring and considering such records." *Id.* at 373. Although the Court also noted that the medical records "were not included in the [ROA], because they were not reviewed by the [Board] prior to the decision on appeal," *id.* at 372, and that the Court "need not reach the issue of whether the [Board] should be charged with constructive notice of all medical records in the possession of the VA under all circumstances," nothing in that opinion suggests that the Court was adjudicating a *dispute* as to the content of the record before the Court. *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 386 n.5 (1992) ("It is of course contrary to all traditions of our jurisprudence to consider the law on this point conclusively resolved by broad language in cases where the issue was not presented or even envisioned."); *Adams v. Texas*, 448 U.S. 38, 45 n.3 (1980) ("We do not treat the question as foreclosed [by a prior opinion], however, because the issue was not explicitly raised in that case."); *see also McDaniel v. Sanchez*, 452 U.S. 130, 141 (1981) ("[D]ictum unnecessary to the decision in [a] case. . . . [is] not controlling in this case . . . .").

On the other hand, *Sims v. West* is instructive in these circumsatnces. 11 Vet.App. 237 (1998) (per curiam order). There, the Court rejected the Secretary's contention that the appellant's counter-designated VA medical records need not be part of the ROA because they were not determinative of the claim on appeal. *Sims*, 11 Vet.App. at 238-39. The Court explained that "*Bell* does not state that only records that are determinative of a claim are to be in the ROA before this Court"; rather, the disputed documents "should be a part of the [ROA]" because they predated the Board decision, were generated by VA, and could reasonably be expected to be a part of the record before the Board and, "*if* they are determinative of the claim," then a merits remand is required. *Id.* at 238-39 (emphasis in original); *see Dunn v. West*, 11 Vet.App. 462, 466-67 (1998) (first concluding that relevant VA treatment records predating the Board decision were "constructively

part of the record on appeal," and then remanding because the Board failed to obtain and consider those documents).[5] Similarly here, the initial question before the Court is whether—in ruling on the Secretary's motion to amend the RBA—the VistA Imaging documents should be included in the RBA, not whether the records warrant remand.

In sum, if disputed documents proffered in the context of a record dispute were constructively before the Secretary and the Board, they should be included in the record for purposes of proceedings before this Court regardless of whether the records may warrant a remand.[6] Having reached that conclusion, the Court will next address the appellant's suggestion that, to the extent that our caselaw allows such documents to be included in the record before the Court, it has been abrogated by Federal Circuit precedents addressing limits on the Court's authority to review extrarecord evidence and resolve findings of fact in the first instance.

*2.* Kyhn *and* Tadlock

As reflected above, the appellant asserts that *Kyhn* established a "bright-line rule" that this Court may not review "records possessed by the agency that the Board never saw" and that, after *Kyhn*, this Court's *Bell* decision "cannot mean that the Secretary can cure the Board's failure to satisfy its statutory duty to assist by presenting the Court [with] extra-record evidence." Appellant's Dec. 11, 2019, Response at 3, 4; *see* Appellant's Feb. 6, 2020, Motion at 4-5. He additionally avers that *Tadlock* is pertinent to the arguments that "the Court cannot determine in the first instance whether VA treatment records never reviewed by the Board warrant a change in the outcome of an appeal." Appellant's July 16, 2021, Citation of Supplemental Authority at 1. Given that these arguments are raised in the context of a record dispute, the appellant appears to contend that, because the Court cannot make initial factual findings based on extrarecord evidence in order to assess the merits of the appeal, that evidence must necessarily be excluded from the record before this Court. The appellant's arguments are not persuasive.

Even assuming that *Kyhn* could be read as broadly precluding this Court from reviewing any extrarecord evidence, that opinion does not address what impact, if any, such a holding would have on the constructive possession doctrine generally, nor does it address specifically whether records in *the Board's* constructive possession may be included in the record before this Court. 716 F.3d at 575-78. Indeed, the evidence at issue in *Kyhn* had been generated *after* the Board decision on appeal. *See id.* at 574. Moreover, in *Euzebio II*, the Federal Circuit expressly rejected that *Kyhn* created such a bright-line rule, holding that this Court may "tak[e] judicial notice of extra-record evidence that is 'generally known' or 'from sources whose accuracy cannot reasonably be questioned' . . . or in accordance with and in furtherance of its review of Board and VA decisions," 989 F.3d at 1323; *see id.* ("[T]he Veterans Court misreads our decision in *Kyhn* as precluding all consideration of 'extra[-]record evidence' in the course of [this Court's] review of Board decisions." (quoting *Euzebio I*, 31 Vet.App. at 400)). Similarly, the Federal Circuit rejected

---

[5] The Court is not suggesting that the Court must generally consider whether unobtained documents should be made part of the RBA before addressing a duty to assist violation; rather, this discussion is limited to the circumstances present here, where a party proffers constructively possessed documents for inclusion in the record.

[6] In light of this conclusion, the Court need not address the appellant's contention that, where the Board has *actual* notice of the unobtained documents, remand is warranted without first resolving the record dispute. Appellant's Dec. 11, 2019, Response at 2-3.

the Government's contention that the constructive possession doctrine is contrary to section 7252(b) "because it construes 'the record of proceedings before the Secretary and the Board' to include documents that were not before VA adjudicators." *Id.* at 1321-22. Rather, as discussed above, *Euzebio II* explicitly upheld the constructive possession doctrine and concluded that *Bell* articulates the appropriate standard. *Id.* at 1321. Overall, nothing in *Euzebio II* supports the conclusion that the record for purposes of proceedings before this Court cannot contain documents constructively possessed by the Board.

Finally, *Tadlock*, in addressing whether this Court "may make findings of fact in the course of considering whether an error of the Board . . . was prejudicial," did not discuss the constructive possession doctrine or what may be included in the record before this Court. 5 F.4th at 1330. Although *Tadlock* held that "[section] 7261(b)'s command that the Veterans Court 'give due account of the rule of prejudicial error' does not give it the right to make de novo findings of fact or otherwise resolve matters that are open to debate," *id.* at 1337, the Federal Circuit also recognized that this Court "may affirm on a ground not considered by the Board . . . if it is clear that the factual basis for such conclusion is not open to debate and the Board on remand could not have reached any other determination," *id.* at 1336. *Tadlock* thus does not suggest that the Court must omit from the record before the Court evidence that the Board has not explicitly reviewed.

### D. Conclusion

After consideration of the parties' pleadings and oral argument, the Court holds that, where a party in the context of a record dispute proffers for inclusion in the RBA documents that were constructively before the Board, those records should be included in the RBA. Based on the appellant's concession that the VistA Imaging documents at issue here were constructively part of the record before the Board, the Court will grant the Secretary's motions and allow him to amend the RBA to include the January 2015 and May 2018 VistA Imaging documents.[7] Furthermore, because those documents are properly part of the RBA, the Court will deny the appellant's motion to strike portions of the Secretary's brief referencing those records. To the extent the appellant argues that the Court may not review these records in the first instance, those arguments pertain to the merits of the appeal and are separate considerations from what must be included in the RBA. *Cf. Bell*, 2 Vet.App. at 612-13; *Sims*, 11 Vet.App. at 239.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's July 20, 2021, motion for leave to amend the November 27, 2019, motion is granted. It is further

ORDERED that the Secretary's amended November 27, 2019, motion to amend the RBA is granted. It is further

ORDERED that the appellant's February 6, 2020, motion to strike portions of the Secretary's brief is denied. It is further

---

[7] In light of this conclusion, the Court need not address whether section 7261(b)(2) or *Sanders* require that the record for purposes of proceedings before the Court include documents that were constructively before but not reviewed by the Board.

ORDERED that, not later than 7 days after the date of this order, the Secretary serve on the appellant, and file notice of such service with the Court, an amended RBA including the VistA records attached to the November 27, 2019, and July 20, 2021, motions. It is further

ORDERED that, not later than 7 days after the date of this order, the Secretary file an amended ROP to include the VistA records attached to the November 27, 2019, and July 20, 2021, motions.

DATED: January 14, 2022                                             PER CURIAM.